WESTERN UNION TELEGRAPH CO. v. A. M. DOZIER.

1. TELEGRAPH COMPANIES. *Voluntary message. Case in judgment.*
    Where persons requiring surgical aid have telegraphed ineffectually for physicians, and the operator gratuitously inquires in their behalf of the company's operator in' another town if a certain physician is there, and is answered that he is not, whereupon no message is sent to such physician, the latter cannot recover damages of the company, although he was in fact in the town and would have responded to the call if notified.

2. SAME. *Verbal messages. Course of business.*
    It is common knowledge that messages are required to be written. In the absence of proof of a course of business by a telegraph company to re-receive for transmission messages orally delivered to operators, the failure to send such a message is not ground for recovery against the company, either by statute or common law. So held in this case, where plaintiff's evidence tended to show that a message was orally dictated to the operator, who was told that it would be paid for, and the operator turned to his instrument as if to send it.

FROM the circuit court of Perry county.

HON. S. H. TERRAL, Judge.

This action was brought before a justice of the peace by A. M. Dozier, a physician, to recover of the Western Union Telegraph Company damages for failure to deliver a message.

The record discloses the following facts: Mr. Bilbo, whose son had been seriously wounded sent two friends, Stewart and Flanagan, to the neighboring village of Poplarville, with instructions to telegraph to Hattiesburg, for Dr. Dozier to come to his son; but after reaching Poplarville, Stewart and Flanagan for some reason decided to telegraph to Dr. Walker, at Nicholson. This they did, but received a reply that he could not be obtained. Whereupon they telegraphed to Hattiesburg, for Dr. Watkins, but also failed to secure him. They then went, at about 7½ o'clock P.M., to the office of the defendant company, the night operator being then on duty, and, according to their testimony, told the operator to telegraph to Hattiesburg for Dr. Dozier, and that the cost of the message would be paid by one White for Mr. Bilbo. They further testify that the operator turned to his instrument, and seemed to be sending the

message, and afterwards told them he had sent it.   Mr. Bilbo had provided them with fifty cents to pay for the message, but this had been paid out for the message sent to Dr. Walker.   The message to Dr. Dozier, according to these witnesses, was not written out or signed by either of them, but was merely dictated to the operator.

The evidence of the operator was to the effect that Stewart and Flanagan asked him if a message could be delivered to Dr. Dozier at Hattiesburg, and that he, the witness, informed them that he would find out for them ; that he then inquired of the night operator at Hattiesburg, who replied that he would find out if Dr. Dozier was in town, and in a few minutes answered that he was absent ; that for this reason no message was sent ; that no message to Dr. Dozier was written by either Stewart or Flanagan, the message that was sent as well as the reply being office messages, and for which nothing was ever paid.   It is also in proof that the operator of his own accord telegraphed, without charge, to Ellisville to see if a friend of his, a physician at that place, could be secured, but without success.

Mr. Bilbo came to the telegraph office the following day, and inquired if he owed anything for the messages, and was told that he owed for one message, which he paid ; but this the operator testified was for the message to Dr. Watkins.

The plaintiff, Dr. Dozier, testified that he was in Hattiesburg at the time the message was sent, and would have gone in response to the telegram if it had been received.   He brings this suit to recover the statutory penalty of $25, and $75 the fee he would have charged if he had made the visit, and which he alleges was lost by the appellant's failure to deliver the telegram.

The plaintiff recovered judgment in both the justice and circuit courts, and the telegraph company appealed.

*W. P. & J. B. Harris,* for appellant.

There is no evidence that any message was delivered to the defendant for transmission and delivery to the plaintiff.   The reasons why no such message was sent are clearly set out by the witnesses. The Poplarville operator merely asked the Hattiesburg operator if

plaintiff was at home. This was without charge. It was wholly immaterial whether the information received by the company was true or false, if it acted in good faith and promptly informed the sender of the message as the rule required.

There is no pretense that any message was written out and regularly tendered to and received by the operator.

*Calhoon & Green,* for appellee.

This case develops purely a question of fact, and the jury found for the plaintiff, and the evidence adduced by him shows a plain case of gross negligence. Flanagan testified that he remembered distinctly telegraphing Dozier, and thinks he dictated a portion of the message, the operator writing it.

Stewart also testifies that the message was dictated to the operator who turned to his instrument and said he would send it, and afterwards told witness that he had done so. There is no question as to unreasonable delay. This cannot be disputed. The only question for the jury was whether any message was delivered for transmission. The jury properly found that there was.

Campbell, J., delivered the opinion of the court.

The verdict is contrary to the law and evidence, and should have been set aside. There is no warrant in the evidence, in any view of the law, for a recovery of any actual damage, for none is shown, it not appearing that Dr. Dozier sustained any by reason of the non-receipt of a message requesting his services. The truth appears to be that no message was sent to Dr. Dozier, but that, an ineffectual effort having been made to get Dr. Walker at Nicholson, and Dr. Watkins at Hattiesburg, the operator at Poplarville inquired of the operator at Hattiesburg if Dr. Dozier was in the town and was informed in reply that he had removed to Gulf-Port, and this being supposed to be true, no message was sent to Dr. Dozier. It is certain that no message to him was charged for or paid for, and therefore nothing was received by the company on this account. It appears that the operator, Mr. Atkins, was in full sympathy with those trying to procure a physician, and at his own instance, and

free of cost to them, wired to Ellisville for the purpose of getting a physician known to him, who lived there, and this suggests the improbability that he should have failed to transmit any message delivered to him to be sent to Dr. Dozier.

The only messages actually written for transmission were to Dr. Walker at Nicholson, and to Dr. Watkins at Hattiesburg, and they were transmitted. If it be true that Stewart and Flanagan or either *told* the operator to wire Dr. Dozier, the question is, whether that was the delivery of a message, within the meaning of the law, for the non-transmission and delivery of which liability would be incurred by the company. In the absence of satisfactory evidence of a known course of business by the telegraph company to receive verbal messages orally delivered to operators for transmission, we are not willing to sanction the proposition that failure to transmit such a message is a ground for recovery against the company, either by statute or common law. It is common knowledge that messages are required to be written, and upon the blanks of the company, and it would be hazardous to pursue any other course. The very expression as to a message delivered to be sent, carries with it the idea of a written or printed message, and it would seem, that for one to *talk to the operator* as to the message he desired to send could not, in view of the course of business of telegraph companies, impose any liability on such company.

*Reversed and remanded.*