JAMES P. WOOD, Respondent, v. THE WESTERN UNION
TELEGRAPH COMPANY, Appellant.

St. Louis Court of Appeals, November 7, 1894.

1. Telegraph Company: STATUTORY PENALTY FOR NON-TRANSMIS-
SION OF TELEGRAM.   The statutory penalty, provided by Revised Stat-
utes, section 2725, attaches to the failure of a telegraph company to
transmit a dispatch, though such failure is not due to partiality or
bad faith.

2. ——: ——: PLEADING.   *Held*, BOND, J., *dissenting*, that the state-
ment of the cause of action for such penalty must allege the delivery
of the dispatch at the office of the telegraph company, or else it will
be insufficient after verdict; it is not enough to allege a delivery
merely to the operator of the company.

3. ——: ——: ——.   *Held*, further, BOND, J., *dissenting*, that the
averment of the payment of a stated sum to the telegraph company
for the dispatch will not, even after verdict, be deemed a sufficient
allegation of the payment of usual charges.

*Appeal from the Ralls Circuit Court.*—HON. REUBEN F.
ROY, Judge.

REVERSED AND REMANDED.

*Charles E. Yeater* for appellant.

*R. B. Bristow* for respondent.

BIGGS, J.—Section 2725, of the Revised Statutes
of 1889, requires a telegraph company, owning or
operating a telegraph line in this state, "to provide
sufficient facilities at all its offices for the dispatch of
the business of the public, to receive dispatches from
and for other telephone or telegraph lines, and from
or for any individual, and on payment or tender of
their usual charges for transmitting dispatches, as

established by the rules and regulations of such telephone or telegraph line, to transmit the same promptly and with impartiality and good faith, under a penalty of two hundred dollars for every neglect or refusal so to do, to be recovered, with costs of suit, by civil action, by the person or persons or company, sending or desiring to send such dispatch, one-half of the amount recovered to be retained by the plaintiff, and one-half to be paid into the county public school fund of the county in which the suit was instituted; and the burden of the proof shall be upon the company to show that the wire was engaged as the reason for the delay in transmitting such dispatch."

The present action was instituted before a justice of the peace to recover the above named penalty for an alleged failure to transmit a dispatch, delivered by the plaintiff to the defendant's operator in the city of Shelbina. The plaintiff obtained judgment both before the justice and in the circuit court. The defendant has brought the case here by successive appeals.

On the trial in the circuit court, a jury having been waived, the defendant objected to the introduction of any evidence, on the ground that the amended statement failed to state a cause of action. The objection was overruled, and this is assigned for error.

The objections to the complaint are that it fails to allege that the dispatch was delivered at the defendant's office in the city of Shelbina, and that there is no allegation that the plaintiff either paid or tendered to the defendant the usual charges as established by its rules and regulations. The allegations of the complaint, which are claimed to be insufficient, are as follows: "That said defendant had an office in the city of Shelbina, state of Missouri, with agents and operators engaged in the business of receiving and transmitting telegraphic communications, and that on said thirteenth

day of June the defendant had an office, agent and operator, in the town of New London, state of Missouri, engaged in the business of receiving and transmitting and delivering telegraphic communications; that on said thirteenth day of June the plaintiff wrote out and delivered a telegraphic communication to the agent and operator of defendant in the city of Shelbina, to be by said agent and defendant transmitted, to wit:

'Shelbina, Mo., June 13, 1892.
'David Wallace, New London, Mo.:

'Shelby county instructed for Dalton by a big majority.                    (Signed)    J. P. Wood.'

"That the plaintiff, at the time he so delivered said message to the defendant's said agent at Shelbina, Missouri, paid defendant, through its said agent at Shelbina, the sum of twenty-five cents, so paid the defendant's agent by plaintiff; the defendant's said agent received said message and agreed with plaintiff to send, transmit and deliver the said message to the person addressed, and it became the duty of said agent, under the laws of the state of Missouri, to transmit the same promptly and with impartiality in good faith," etc.

The amended statement is fatally defective, and the defendant's objection to the introduction of evidence ought to have been sustained. The section of the statute quoted is strictly penal. *Connell v. Telegraph Co.*, 108 Mo. 459. And we may observe in this connection that counsel for appellant is in error in supposing that this court has expressed a different opinion. We decided in the case of *Brashears v. Telegraph Co.*, 45 Mo. App. 433, that the word "transmit," in the statute, had reference, not only to the transmission of the message by electric agencies, but also to the actual delivery of the message to the addressee. The general rule applicable to the construction of a penal statute is that "no cases shall be held to fall within it,

which do not fall both within the reasonable meaning of its terms, and within the spirit and scope of the enactment.'' Endlich on Interpretation of Statutes, p. 454. In disposing of the *Brashears case* we undertook to apply the foregoing rule. The contract of a telegraph company is that it will send messages in the order in which they are received, and will, with convenient speed, communicate the intelligence to the addressee. Gray on Communications by Telegraph, secs. 19, 20, 21, 22, 23. We supposed that the sole or primary object of the enactment of section 2725, *supra*, was to compel or enforce the prompt performance of such contracts, and that, therefore, it was an unreasonable construction to confine its application to the transmission of messages over the wires. In the *Connell case* the supreme court took a different view.

Touching the question in judgment in the case at bar, we consider the ruling of the supreme court in *State to use v. Railroad*, 83 Mo. 144, to be decisive. There the state sued to recover the penalty, provided by section 2582 of the Revised Statutes of 1889, for a failure of defendant to erect and maintain a depot at its crossing of another railroad. The defendant, as in the present case, objected to the introduction of any evidence for the reason that the statement was insufficient. An extract from the opinion will show its application to the present case. That extract is as follows:

''It will be observed that this is a penal statute. It enjoins upon railroad companies the duty of doing certain things which, if not done, subjects them to the payment of a fixed penalty, and, being penal, it should be strictly construed, and so as not to enlarge the liability it imposes nor allow a recovery under it, unless the party seeking it brings his case strictly within the terms or conditions authorizing it. *Parish v. Railroad*,

63 Mo. 284. Giving force and effect to this rule, we must hold that the first objection to the sufficiency of the statement is well taken. The evident purpose of the statute in requiring railroad companies carrying passengers to build depots or station houses     *     *     * at all places where they cross each other, was to afford facilities, not so much to those living in the immediate vicinity of such crossing, as to the traveling public at large, and to that class of persons traveling on one railroad destined for some point on the railroad which it crosses. If this was the purpose of the law, before the obligation to build a depot at the crossing of two railroads could arise, it must appear that each of said roads was engaged in carrying passengers, and, for the reason that it does not so appear in the statement, it fails to set forth a cause of action. It is averred that defendant company was engaged in carrying passengers, but does not aver that the St. Joseph & Des Moines railroad was so engaged. All that is averred in the statement may be taken as true, but for lack of the above averment no recovery could be had. The objection to the admission of any evidence under it ought, therefore, to have been sustained, and error was committed in overruling it.''

The purport of this decision is, that in actions on penal statutes the plaintiff's statement can not be helped out by *intendment*, or a defective or imperfect allegation cured by verdict. Every fact essential to a recovery must be affirmatively pleaded. Now, in the present case, the statement fails to show that the dispatch was delivered at the office of the defendant at Shelbina. It is averred that the defendant had an office there, and that the dispatch was delivered to the operator, but that is all. These allegations are insufficient, unless we are prepared to hold that the delivery of a message to an operator or messenger at a place

other than the public office of the company is a delivery within the penal provisions of the statute. Such a holding would be contrary to the evident purposes of this statute, and would prevent a proper discharge of the duties imposed by law upon the agents and servants of telegraph companies. The law is, that messages must be sent in the order of delivery, and section 2727 of the statute provides that, if the line is out of repair, or the sending of messages previously delivered will prevent the prompt transmission of a message tendered, it shall be the duty of the agent or operator to notify the sender of such facts. It is evident, therefore, that, while a telegraph company may, by its proper agents, receive a message outside of its office, it can not be subjected to the heavy penalties of the statute before such message reaches its office. Delivery *at the office* is the delivery contemplated within the *penal* provisions of the statute.

The other objection to the statement is equally fatal. It is averred that plaintiff paid to the defendant's agent the sum of 25 cents, and that the latter agreed to send the message, but it is nowhere stated that the amount was "the usual charge" for transmitting the dispatch.

We, therefore, conclude that the objection of the defendant to the admission of any evidence under the amended statement ought to have been sustained, and, for the error of the court in overruling it, the judgment will have to be reversed.

The other questions presented and discussed in the appellant's brief are without merit. We decided in the case of *Burnett v. Telegraph Co.*, 39 Mo. App. 599, that a telegraph company was liable for the penalty provided by statute for *failure* to transmit a message, and that it was not necessary that such failure

should be due to partiality or bad faith. We are not disposed to recede from that ruling.

The judgment of the circuit court will be reversed, and the cause remanded. Judge ROMBAUER concurs; Judge BOND dissents.

### DISSENTING OPINION.

BOND, J.—The statute quoted in the opinion of the majority of the court does not condition the liability of the defendant upon a delivery *"at the office;"* on the contrary its liability, as there imposed, is hinged upon a failure "to transmit the same" where dispatches have been received and the usual charges for transmission paid or tendered. The rule for the construction of this particular statute has been announced by the supreme court in the following terms: "No case shall be held to fall within it which does not fall within the reasonable meaning of its terms, and within the spirit and scope of the enactment." *Connell v. Telegraph Co.*, 108 Mo. 463. The language of the petition in this case, quoted in said opinion, is in exact conformity with the wording of the statute. It recites that defendant maintains an office at Shelbina, and also an office at the point of destination of the dispatch, *"with agents and operators engaged in the business of receiving and transmitting telegraphic communications,"* and that the plaintiff wrote out, giving the form and destination, a dispatch, and delivered it *"to the agent and operator of defendant in the city of Shelbina"* to be transmitted; that, at the time "he so delivered said message," plaintiff paid defendant through its said agent at Shelbina, the sum of twenty-five cents; that "said agent received said message and *agreed* with plaintiff to send, transmit and deliver" it. These allegations, being in exact accord with the statute, clearly

fell within its reasonable meaning and spirit, and constituted, therefore, a sufficient statement as to the delivery of the dispatch. To hold that a further statement, in so many words, that the dispatch was delivered "at the office of defendant," would be the interpolation in the statute of a condition of liability not prescribed by its terms, if not a species of judicial legislation. This authority I am unwilling to assume, and I therefore dissent from the conclusion of my associates, that the petition in this case was fatally defective in not alleging in express words the delivery of the dispatch, "at the office of the defendant."

Neither am I able to concur in the view that it was necessary to allege in the petition, in set words, that the amount paid by plaintiff for the transmission of the dispatch was "the usual charge." It was perfectly competent for the pleader to make this allegation in substance, or by equivalent terms. This, I think, was fully done, as will appear from the quotations of the petition on this point.

The evidence on the trial of this cause was clear, full and undenied, that plaintiff called at defendant's office and there wrote out and delivered to the agent in charge the dispatch in question, and paid said agent the customary charges for its transmission, and that it was never transmitted.

The case, in my judgment, was sufficiently stated in plaintiff's petition, and amply sustained by the proof, and the judgment of the lower court should be affirmed.