CUMBERLAND TELEGRAPH & TELEPHONE COMPANY *v.* JASPER
O. S. SANDERS.

TELEPHONES.    *Messages.    Failure to transmit and deliver.    Code* 1892,
§ 4326.

In a suit against a telephone company, Code 1892, § 4326, im-
posing a penalty upon telephone and telegraph companies for
failure to "transmit correctly" and "deliver" any "message or
matter received for transmission" "addressed to a person" must
be strictly construed and confined to messages which are in
writing.

FROM the circuit court of Tallahatchie county.

HON. SAMUEL C. COOK, Judge.

The appellee, Sanders, was plaintiff, and the telephone com-
pany, the appellant, defendant in the court below.

The appellee at Charleston, Miss., made three efforts to call
up by telephone parties at Sumner, Miss. No message in writ-
ing was given to the appellant's agent for transmission, and
the parties were never called up. In the magistrate's court the
appellee recovered $150, the sum demanded, $75 of which was
for the statutory penalty and the balance actual damages. On
appeal to the circuit court a recovery was had for the statutory
penalty only, amounting to $75 for the three failures. The
statute in question is as follows:

4326. *Messages    Delivered;    Penalty    for    Neglect.*    A
telegraph or telephone company shall deliver all messages ad-
dressed to a person residing or having a place of business in any
city, town, or village where it may have an office, or within one
mile of its office; and if any telegraph or telephone company
shall receive any message or matter for transmission, and shall
fail, neglect, or refuse, without good and sufficient reason, to
transmit correctly and deliver the same within a reasonable
time to the person addressed, such person, or the person injured,

shall be entitled to recover of the company in default the sum of twenty-five dolars, in addition to damages for any injury.

*Dinkins, Caldwell & Ward,* for appellant.

Sanders merely requested the agent at Charleston to put in a call for Dudley, at Sumner, as is the usual custom when one person wants to communicate with another. No message that Sanders wanted to have transmitted to Dudley was given to the agent at Charleston, and none was addressed to Dudley; Sanders simply asked to have Dudley called to the 'phone in order that he might communicate with him over the telephone line of appellant company. No charge by the telephone company was made and nothing was paid by Sanders.

In endeavoring to get Dudley to the telephone for Sanders, the agent at Charleston acted as Dudley's agent. The telephone company claimed no compensation for this service, and therefore no contractual relation existed between Sanders and the telephone company, and none was violatd.

*Harris & Powell,* on same side.

No message was ever received by the telephone company for transmission, or by any agent of the telephone company from Sanders within the meaning of the code of 1892, § 3426.

Sanders went to the store of J. L. Crow, where there is a telephone, and asked Miss Jennie Crow, a clerk in the store, to put in a "call for Dudley," and Dudley not being found, to call Denman.

What was done was purely a gratuitous service. No charge was made by the company and no charge intended to be made unless the message was sent. Unless a message was sent, what was done here was a mere preliminary to the sending of a message over the telephone, a purely gratuitous service, and the telephone company was not liable either for penalties or for actual damages. *Western Union Tel. Co.* v. *Dozier,* 67 Miss., 288.

Penalties can never be extended by implication. *Myrick* v. *Thompson,* 99 U. S., 292.

It was certainly erroneous to render judgment for three penalties on this one transaction. *Railroad Co.* v. *Spencer,* 72 Miss., 49.

*J. O. S. Sanders* and *Wilroy & Dudley,* for appellee.

The whole scheme of the business of telephone companies is to receive and deliver what they term "calls" for parties; and designating them "calls" will not alter the fact that they are messages. Their whole purpose is to enable persons to converse at long range. The very life of their business is predicated of their ability to do this, which is the whole scope of their business. To permit the appellant to dodge behind the facts that appellee paid no fees and did not write his messages, would be to permit it to establish regulations which would enable it to evade and defeat the law.

The company cannot excuse a delay by setting up that the message as offered was not in writing, nor by showing that the price of transmission was not paid in advance (25 Am. & Eng. Enc. Law, 783 (1st ed.), and notes 2 and 3), unless, as was held in *Western Union Tel. Co.* v. *Liddell,* 68 Miss., 1, and *Same* v. *Dozier,* 67 Miss., 288, it shall be shown that a rule or regulation of the company required these things. In the case at bar it is shown on the contrary that the rule of appellant is not to require written messages, or the payment of charges, but that they undertake to get the parties to the 'phone on verbal messages, and when that is done, the fee is required; not before. The reason of the rule as laid down in the cases cited applies with full force. They will not be allowed to establish such rules and regulations and then set them up as a defense to suits. 25 Am. & Eng. Enc. Law (1st ed.), 784, 785.

The purpose of the law is to "quicken the diligence of telegraph and telephone companies in the transmission of dispatches" (the language of the court in *W. U. Tel. Co.* v. *Cibb,*

58 Am. Rep., 756), and the letter as well as the spirit of the statute is broad enough to cover this case, the language used being "message or matter," and if these so-called "calls" are not messages, they are at least "matter" within the purview of the statute. Section 4326, Code 1892. While it is universally true that the penal statutes are to be strictly construed, it must not be so construed as to defeat the clear intention of the law. This is the rule as laid down by Mr. Blackstone, and has been followed by the decisions of the courts of this state, and we believe by every other state in America. *Railroad Co.* v. *Hemphill,* 35 Miss., 17; *Green* v. *Weller,* 32 Miss., 650; and 23 Am. & Eng. Enc. Law (1st ed.), 376, 377, and note 2 on page 377.

Argued orally by *J. B. Harris,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

Section 4326 of the code of 1892 is a highly penal statute, and must be strictly construed. We are clearly of the opinion that the only messages or matter referred to in that section are written or printed messages or matter. The very language of the statute clearly indicates this. The messages or matter the failure to transmit correctly and deliver which subjects the telegraph and telephone companies to the penalty therein provided are declared to be messages "addressed to a person," etc. These messages, it is said, must be transmitted correctly; that is, correctly as written. "To transmit correctly and deliver the same"—that is, the messages or matter so addressed—is the precise language used. It may be true that a large part of the messages or matter handled by a telephone company is orally delivered as the business is actually conducted, but the question is what character of messages or matter this particular statute describes when it provides the penalty for the failure to correctly transmit and deliver such messages or matter. The statute itself is very imperfectly framed as regards telephone companies, for there is a manifest difference in some respects between the nature of the

business conducted by the two companies, as the respective businesses are actually conducted; and this defect or imperfection in the statute, as it relates to telephone companies, properly calls for an amendment by the legislature. It is our business to construe the statute strictly as it is now framed, and under the familiar principles of construction applicable to penal statutes we are of the opinion that what took place here is not within the purview of the statute.

As stated in *Western Union Telegraph Co.* v. *Dozier,* 67 Miss., 291, 7 South., 326, "The very expression as to a message delivered to be sent carries with it the idea of a written or printed message;" and so here the very expressions to which we have referred clearly indicate that as to telephone companies, as the law now stands, only those which are written or printed come within the purview of this statute. There was nothing here but a mere call, the object of the call being to secure the presence of the parties at the telephone at Sumner, and to communicate with them as desired. Until the legislature shall so amend the law as to make it clear that this sort of matter orally delivered and transmitted is meant to be dealt with in this penal fashion, the penalty cannot be recovered.

*Reversed and remanded.*