WESTERN UNION TELEGRAPH COMPANY *v.* SANDERS, ADMINISTRATOR.

[No. 5,885.   Filed November 27, 1906.]

1. TRIAL.—*Conclusions of Law.—Form of.*—A conclusion of law "that plaintiff recover $100" is sufficient.   p. 147.

2. SAME.—*Special Findings.—Evidence.—Telegraphs and Telephones.*—Testimony that defendant's agent had received the message in question in front of the warehouse and that it was a custom to receive them there supports a special finding that it was such agent's custom to receive messages outside of the office.   p. 147.

3. SAME.—*Special Findings.—Evidence.*—A special finding substantially following the testimony of a witness for plaintiff is not without support.   p. 148.

4. SAME.—*Special Findings.—Evidence.—Telegraphs and Telephones.—Failure to Send.*—A special finding that defendant telegraph company did not send a certain message is supported by the evidence, where the defendant's operator testifies that it was not sent.   p. 149.

5. TELEGRAPHS AND TELEPHONES.—*Receipt of Messages.—Custom.—Failure to Deliver.*—A telegraph company is liable to the sender of a message for the statutory penalty, where its agent receives a verbal message, according to custom, out of the office, writes it down, receives the pay for transmission, takes it into the office but fails to transmit it.   p. 149.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Rosa Sanders, for whom, on her death, William Sanders, as her administrator, was substituted, against

the Western Union Telegraph Company.   From a judg-
ment for $100 for plaintiff, defendant appeals.   *Affirmed.*

*Chambers, Pickens, Moores & Davidson, George H.
Fearons* and *Samuel R. Lambdin,* for appellant.

*Will J. Buskirk,* for appellee.

COMSTOCK, J.—Action by appellee's decedent against
appellant to recover a statutory penalty of $100 for failure
to transmit a telegram on behalf of decedent, from Paoli
to William Sanders, at Bloomington, Indiana.

The complaint was in two paragraphs.   The first alleged
that the plaintiff filed a dispatch at defendant's office.   The
second, that plaintiff, by her agent, Calvin K. Leonard,
filed the dispatch.   The case was put at issue by the general
denial, the cause tried by the court, special findings made,
conclusion of law stated, and judgment rendered in favor
of appellee for $100.   Upon a showing that said Rosa
Sanders, plaintiff, was dead, William Sanders, adminis-
trator of her estate, was substituted as party plaintiff.   For
reversal of the judgment, appellant relies upon the alleged
error of the court in its conclusion of law upon the special
findings, and in overruling appellant's motion for a new
trial.

Appellant's first proposition is, that the conclusion of
law " 'that plaintiff recover $100,' is not a conclusion of
law sufficient in form or substance to support the
1.  judgment."   There is no prescribed form for
stating a conclusion of law.   It is to be distin-
guished from the findings and from the judgment.   While
it is usual to say that the plaintiff is entitled to or ought
to recover, such words are not essential.

Appellant's second proposition is that there is no evi-
dence to support special findings nine, ten, eleven, and
twelve.   Preceding said finding nine the court finds
2.  that Charles Ham, on September 26, 1903, was the
agent and operator for said defendant company.
He was also agent for the Monon railroad, and as such

agent his duties called him to different parts of the railroad yards. He resided just north of the depot, and across the tracks of said railroad company. He owned and operated a warehouse just across the track from said depot, in which depot the office of said defendant telegraph company was situated. Finding nine is as follows: "That it was the custom of said Ham to have tendered him, when at his residence and at his warehouse and in the yards of said railroad company, telegrams, and that it was the custom of said Ham to receive such telegrams so tendered him." Appellant's agent testified that the message had been delivered to him at or in front of the warehouse. "In fact it is an everyday occurrence, some persons passing up there with a message at most any time at night." The agent was best qualified to speak of his custom. The finding is not without support of the evidence. ·

The tenth finding is as follows: "That on September 26, 1903, Calvin K. Leonard, acting as agent for Rosa Sanders, called at the office of said defendant company, in the town of Paoli, for the purpose of sending a message, and, not finding said operator, Ham, in said office, found him at or near the warehouse just north of the depot, and told him that he wished to send a message; that said Ham said: 'All right, give it to me;' that said Leonard said: 'Will it do as well here as at the office?' that said Ham replied: 'Yes;' that said Leonard then said: 'It is to William Sanders, Bloomington, Indiana;' that said Ham then took paper and pencil to write it down; that said Leonard then instructed him to say: 'Your mother-in-law is dead. Come at once,' and to sign Rosa Sanders's name to the same; that said Leonard then asked said Ham as to the cost of the same, and that Ham said: 'It will be twenty-five cents;' that said Leonard then tendered and paid said Ham the sum of twenty-five cents for the transmission of said message," with the added statement of the witness that he found a boy in the office who

said that he could send the message.   This is, in substance, the testimony of Leonard, witness for appellee.

The eleventh finding is that the operator did not send the dispatch at all.   This is supported by the direct evidence of the agent and operator himself.   The twelfth is as follows:   "That said message was taken by said Ham. on said date near the hour of noon; that on the day following Everett Hall was in the telegraph office of said company and saw said message on the files and said to said Ham: 'There is no use to send that message now, for William Sanders is in town.' "   This finding is amply supported by the evidence.

Appellant argues that the statute contemplates the filing of messages in the office; that a verbal communication cannot bind the company, unless, by a recognized custom held out to the world, that whenever any of its employes, whether at the post of duty or elsewhere, accepts a message, it would undertake under penalty to transmit the same; that the legislature, in creating the penalty, had in mind the receiving of dispatches either written or printed; that whatever the agent did or omitted to do with reference to writing down the message orally given him, he did as agent of the sender.   We may admit that the statute seems to contemplate the filing of dispatches at the company's office, or with an agent while on duty, and still, under the facts in this case, affirm the judgment of the trial court.   The legislature may, in creating a penalty, have had in mind the receiving of dispatches that were either written or printed, and yet "thousands of messages are received for transmission by telegraph companies, which are communicated to them orally by the senders, and which the companies' agents write out and send by the implied authority of the sender.   If they are so received, they are messages to be transmitted subject to all the liabilities imposed by law."   *Western Union Tel. Co. v. Buskirk* (1886), 107 Ind. 549, 557.   It has been held that an

operator, in writing a message for the sender, becomes the agent of the sender. *Western Union Tel. Co.* v. *Edsall* (1885), 63 Tex. 668; *Western Union Tel. Co.* v. *Foster* (1885), 64 Tex. 220, 53 Am. Rep. 754; *Gulf, etc., R. Co.* v. *Geer* (1893), 5 Tex. Civ. App. 349, 24 S. W. 86. In the first case it is said that the operator was the agent of the company to receive and transmit, but not to write, messages for others. In *Carland* v. *Western Union Tel. Co.* (1898), 118 Mich. 369, 76 N. W. 762, 43 L. R. A. 280, 74 Am. St. 394, these cases are criticised as going too far. In *Wood* v. *Western Union Tel. Co.* (1894), 59 Mo. App. 236, the complaint was held to be fatally defective which did not show that the message was delivered· at the office of the telegraph company. The complaint in the case at bar alleges delivery at the office of appellant. It is held in the case of *Cumberland Tel., etc., Co.* v. *Sanders* (1903), 83 Miss. 357, 35 South. 653, that only written or printed messages are within the purview of the statute providing a penalty for failure to transmit. The decisions under the statutes of Texas and Mississippi are upon facts peculiar to the particular cases.

If we concede that the operator was the agent of the sender in writing the message and until the message was actually in the office of appellant, yet when it was filed in appellant's office by its agent he ceased to be the agent of the sender, and, in line of his duty, was the agent of the appellant. In this view of the case, whether he received the dispatch according to a usage or custom could make no difference. The complaint relies upon a failure to transmit the message. The evidence shows that it remained, for many hours, in the office of appellant with the knowledge of its agent, to whom the cost of transmission had been paid, without his making any attempt to transmit it.

Judgment affirmed.