## WOOD, SHERIFF v. RATHMAN.

[No. 8,453.   Filed March 10, 1915.]

1. REPLEVIN.—*Complaint.*—*Allegation of Value.*—A complaint in replevin need not allege the value of each item of property sought to be recovered, but an allegation of bulk value is sufficient. p. 231.

2. REPLEVIN.—*Complaint.*—*Sufficiency.*—A complaint in replevin, alleging that plaintiff is the owner and entitled to the immediate possession of certain described cattle of the value of $725, that the same were unlawfully taken and detained to plaintiff's damage in the sum of $100, and that demand was made before the beginning of the action, etc., is good as against initial attack on appeal.   p. 231.

3. REPLEVIN.—*Possession of Property.*—*Evidence.*—*Sufficiency.*—A verdict in replevin against a sheriff for property taken on attachment can not be disturbed on appeal on the ground of insufficient evidence to show that defendant had possession, where there was evidence to show constructive possession, and especially in view of the fact that the court can not disturb a verdict on the weight of the evidence.   p. 231.

4. REPLEVIN.—*Property taken on Attachment.*—*Courts.*—*Jurisdiction.*—*Evidence.*—Under §1330 Burns 1914, §1266 R. S. 1881, the superior court of a county has jurisdiction in a replevin suit against the sheriff to recover property taken by him as the property of third persons on a writ of attachment, and in such replevin suit it was not error to exclude from evidence, the record of the proceedings in attachment, which was offered for the purpose of showing that the property was *in custodia legis* and that plaintiff was not entitled to its immediate possession.   p. 232.

5. APPEAL.—*Briefs.*—*Reply Briefs.*—Questions argued for the first time in the reply brief will not be considered unless they are presented by the points and authorities in the original brief. p. 233.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Henry Rathman against Clayton A. Wood, Sheriff of Porter County. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas H. Heard* and *Otto J. Bruce,* for appellant.

*Grant Crumpacker, William Daly* and *D. E. Kelly,* for appellee.

Shea, J.—Briefly stated, the facts in this case disclose that John Lewin and Charles Lewin occupied the farms of Ella Hankins in Porter County, Indiana. While tenants on said farms they purchased from appellee Rathman the seven head of cattle in controversy, giving therefor their promissory notes dated in August, 1910, due one year after date, payable at the Citizens Bank, Hebron, Indiana, with the alleged agreement and understanding that the cattle should remain the property of appellee until said notes were paid; that before the expiration of the year, the Lewins left the farms of Ella Hankins, and abandoned the cattle, notifying appellee to go and take charge of them. He, Rathman, did take possession of three head of cattle, and the others appear to have been left in possession of a constable under a writ of attachment from a justice's court in another action. At this time appellant took possession of all of the cattle pursuant to a writ from the Porter Circuit Court, leaving them, however, where they were, to be delivered to him, it is claimed, upon demand. This action was brought by appellee against appellant and others to recover possession of all the property. The complaint alleges that appellee is the owner of the property, consisting of certain described cattle, seven in number, of the value of $725, and entitled to immediate possession of same. Then follow the formal allegations of replevin; that said property has been "wrongfully taken by said defendants and has been by them wrongfully and unlawfully detained from this plaintiff to plaintiff's damage in the sum of $100. That on the 5th day of January, 1911, and before the beginning of this action, plaintiff demanded the possession of said above described property from said defendants, which they refused." Prayer that plaintiff be adjudged the owner of said property and that he have damage in the sum of $100 and all other and proper relief. The court overruled a demurrer to the complaint and appellant filed answer in general denial. There was a trial by jury, verdict and judgment for appellee.

The errors relied on for a reversal are, (1) the complaint does not state facts sufficient to constitute a cause of action; (2) error of the court in overruling appellant's motion for a new trial; (3) the court had no jurisdiction of the subject-matter of the action; (4) the Porter Superior Court was without jurisdiction to try this cause because the property was *in custodia legis* of the Porter Circuit Court of Porter County, Indiana.

Appellant has failed to assign as error the overruling of the demurrer to the complaint, therefore the complaint is challenged for the first time in this court by this assignment of error. It is argued that the complaint is insufficient because the value of the separate articles of property is not set out in detail. However desirable it might be that this should be done, it is not required under our practice. It is important in the evidence of the case that the value of the separate pieces of property be shown, but as a matter of pleading it is not required. It is sufficient in this case to allege the bulk value of the property, which allegation the complaint contains. The complaint is good against an assignment of error which challenges it for the first time in this court. The rule is well settled that where a complaint contains sufficient facts to bar another action, it will be sufficient when so challenged.

Under the errors assigned in the motion for a new trial, it is argued that the verdict should not be upheld because the property at the time of the beginning of the action was not in the possession of the appellant, sheriff, the property having been left, as above stated, in the possession of the constable and appellee with the agreement that it was to be delivered to appellant on demand. This we hold was constructive possession, besides, this was a disputed fact which was properly submitted to the jury, and this court will not disturb the verdict upon the weight of the evidence.

It is earnestly insisted that the court erred in refusing to admit the record of the proceedings in an attachment suit in the Porter Circuit Court between Ella Hankins and others as plaintiffs and Charles Lewin and John Lewin and others as defendants. The reason urged for the admission of this evidence is that, under the general denial filed, any evidence which tended to show that plaintiff was not entitled to immediate possession was competent as stated in appellant's points and authorities, and that said evidence would tend to show such fact. It is further insisted that if the fact that the property was is the possession of the sheriff of Porter County by virtue of a writ of attachment from the Porter Circuit Court, placed the property *in custodia legis* in such manner as to prevent the operation of the replevin statute, being §1330 Burns 1914, §1266 R. S. 1881, hereinafter set out, then this evidence was improperly excluded. On the other hand, if the possession of the property under such writ of attachment did not have the effect of placing said property *in custodia legis* so as to prevent such seizure, this evidence was properly excluded. We have decided in a kindred case that said property was in the constructive possession of appellant sheriff, and we need not elaborate upon it here. *Hoover* v. *Lewin* (1914), 56 Ind. App. 367, 105 N. E. 400. Therefore, the above section has application to this case, and the Porter Superior Court had jurisdiction to hear and determine the case.

Assignments Nos. 3 and 4 raise the same question. As above stated, we considered this question in the case of *Hoover* v. *Lewin, supra,* and there held that §1330, *supra,* governed cases of this kind and authorized actions in replevin by the owner or claimant to recover property when held under writ of attachment. We adhere to the rule as there stated. Section 1330, *supra,* reads as follows: "When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or when taken on execution or attachment, are

claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof.'' This section of the statute authorized this action.

While the evidence is very conflicting and there were many questions to be given thoughtful consideration, they were all questions which were properly submitted to the jury and trial court, and as heretofore stated, this court can not disturb the verdict upon the weight of the

5.　evidence. Questions argued for the first time in the reply brief will not be considered unless they are presented by the points and authorities in the original brief.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 126. As to when and against whom replevin is sustainable, see 80 Am. St. 741. See, also, under (1) 34 Cyc. 1472; (2) 34 Cyc. 1464; (3) 34 Cyc. 1508; 3 Cyc. 348; (5) 2 Cyc. 1018.