WESTERN UNION TELEGRAPH COMPANY *v.* HADLEY.

[No. 9,601.   Filed June 5, 1918.   Rehearing denied November 21, 1918.   Transfer denied December 18, 1918.]

1. TELEGRAPHS AND TELEPHONES.—*Action for Penalty.—Complaint. —Sufficiency.*—In an action against a telegraph company for a penalty for delay in delivering a telegram in violation of §5780 Burns 1914, Acts 1885 p. 151, the complaint, though not averring directly that defendant was engaged in doing a general telegraph business, was sufficient where it contained allegations from which such absent averment might be reasonably inferred.   p. 77.

2. APPEAL. — *Review. — Complaint. — Sufficiency. — Amendments Deemed Made.*—In an action against a telegraph company for a penalty for delay in delivering a telegram in violation of §5780 Burns 1914, Acts 1885 p. 151, even though the complaint was objectionable for failure to allege that defendant was engaged in doing a general telegraph business, where the agreed statement of facts upon which the case was submitted stated that defendant was a common carrier of telegrams over its lines, the court on appeal, if necessary to an affirmance, should treat the complaint as amended to correspond with the agreed statement of facts, that the court may at any time direct insertions of material allegations to make the pleading conform to the facts proved, when the amendment does not substantially change the claim or defense.   p. 77.

3. APPEAL.—*Waiver of Error.—Briefs.*—Assigned errors not presented in appellant's briefs are waived.   p. 82.

4. APPEAL.—*Briefs.—Sufficiency.—General Propositions of Law.*— Where appellant's brief stated a number of general propositions of law and cited authorities under each proposition without in any way applying or attempting to apply any of the propositions to any ruling or action of the trial court relied on for reversal, no question is presented for review, since the brief fails

to comply with Rule 22 of the Appellate Court governing the preparation of briefs. p. 83.

5. APPEAL.—*Briefs.*—*Sufficiency.*—*Points and Authorities.*—The points and authorities in an. appellant's brief should be sufficient, without reference to the argument to present each and every question which appellant desires to have reviewed and determined by the appellate tribunal. p. 84.

6. TELEGRAPHS AND TELEPHONES.—*Delay in Transmitting "Collect" Telegrams.*—*Liability for Penalty.*—*Statute.*—Where a telegraph company accepted for transmission a "collect" telegram, which was delivered to the addressee only after a delay of over forty hours, and at a time too late for the information contained therein to accomplish the evident purpose of the sender, defendant company, even though its usual terms required payment in advance for the transmission of the message involved, waived such terms and was liable to the penalty provided by §5780 Burns 1914, Acts 1885 p. 151, the statute not requiring that the charges be paid in advance, but merely that the message be received·on the usual terms. ̊p. 84.

7. TELEGRAPHS AND TELEPHONES.—*Delay in Transmitting Telegrams.*—*Action for Penalty.*—*Interest on Judgment.*—As there is no ̇statute authorizing the allowance of interest upon a penalty recovered under §5780 Burns 1914, Acts 1885 p. 151, for delay in delivering a telegram, its allowance from the date of the transmission of the telegram was unwarranted, although plaintiff was entitled to interest on the judgment under the provisions of §7951 Burns 1914, §5199 R. S. 1881, but as the interest due is ascertainable, error in the amount of recovery may be corrected by remittitur rather than by ordering a new trial. p. 87.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Nancy Hadley against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. M. Louden, R. L. Mellen, Pickens, Moores, Davidson & Pickens,* and *Albert T. Benedict,* for appel-lant.

*Slinkard & Vosloh,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $129 in an action brought by her

against appellant to recover the penalty for the delay of delivery of a telegraph message, in violation of §5780 Burns 1914, Acts 1885 p. 151.

There was an answer in seven paragraphs, viz., a general denial, a verified general denial and five affirmative paragraphs. For reasons which will later appear herein, we deem it unnecessary to further indicate the contents or nature of said pleadings. A demurrer was filed to each of said affirmative paragraphs, which was overruled to the third and seventh, and sustained as to the other paragraphs.

There was a trial by the court and a special finding of facts and conclusions of law. A motion for new trial filed by appellant was overruled.

Each of the several rulings on the demurrers to the pleadings adverse to appellant, indicated *supra,* and the ruling on the motion for new trial, are separately assigned as error and relied on for reversal.

The only objection to the complaint suggested by appellant in his brief is that contained under his first point, which challenges the ruling on the demurrer thereto on the ground that it contains no averment that appellant was engaged in doing a general telegraph business.

We think the complaint contains the equivalent of said averment, or, at least, contains averments from which such absent averment may be reasonably
1.  inferred, and hence is sufficient under the rule recognized and followed by the more recent decisions of both the Supreme Court and this court.

However, assuming that the complaint is open to appellant's objection, this court would be justified, and indeed required, by the decided cases, to
2.  treat the complaint as amended in said respect.
The case was submitted to the court below for

trial and determination upon an agreed statement of facts. Such statement, being of controlling influence in the determination of the question under considera- tion and of other questions presented by the appeal, is now set out. Omitting the caption and preliminary part thereof, it is as follows:

"It is now hereby agreed that the following statement of facts shall be taken by the court, as the evidence and all the evidence in said cause, and that the facts in said statement constitute the evidence, and all the evidence to be given, and that is given in said cause, and that the said facts are hereby agreed to by the parties in lieu of the evidence to be given on the trial of said cause, and it is agreed that upon said statement of facts the court may decide the controversy between these parties as shown by the pleadings in said cause, and which facts and which statement of facts are as follows, to wit:

"*The defendant, The Western Union Tele- graph Company, on November 5, 1910, owned and operated a telegraph line and maintained and had a public telegraph station at Clayton, Indi- ana, and at Bushrod, Indiana, and was at said time a common carrier and deliverer for the pub- lic, of messages and telegrams over said lines, and at each station above named, as well as other stations.* (Our italics.)

"That on Saturday, November 5, 1910, Lizzie Hadley died near Monrovia, Indiana. That her sister, Nancy Hadley, is the plaintiff in this ac- tion. That the plaintiff lived at said time near her said sister, and all of said parties lived near Monrovia, Indiana, a distance of about seven

miles from Clayton, Indiana, where the said defendant kept and maintained a public telegraph station.

"That on Saturday, November 5, 1910, at 7:41 o'clock p. m., the plaintiff called the operator at Clayton, Indiana, office, via telephone and asked to send a telegraphic message to her son, Francis Hadley, at Bushrod, Greene County, Indiana, at which station, at Bushrod, the defendant maintained a public station for the transfer and delivery of messages for hire, and the plaintiff gave to the defendant at said time, to wit: 7:41 p. m. on said day, the following message:

" 'To Francis Hadley, c/o Railroad Hotel, Bushrod, Indiana. Aunt Lizzie is dead. Funeral eleven o'clock Monday. Nancy Hadley.'

"The defendant's agent reduced said message to writing on the regular and usual form of defendant company. That at the time said message was delivered to the defendant, the operator at Clayton, Indiana, office, asked the plaintiff how she wanted said message sent, and the plaintiff answered, 'Send collect,' and that was all that was said about it. That the usual and regular schedule charge of defendant for transmission and delivery of such message was twenty-five cents. That the plaintiff did not pay the charge therefor and did not tender such charge to defendant, and no responsible party guaranteed such charge to the defendant, and plaintiff had no charge account with defendant, and said message was not a free message and not an answer to a prepaid message. That said telegram was sent by said defendant and transmitted by it

from said station at Clayton, Indiana, to said station at Bushrod, Indiana, and was received by the defendant company's agent at Bushrod, Indiana, at 8:52 p. m. on November 5, 1910.

"That said Francis Hadley lived at the Railroad Hotel at Bushrod and within three hundred feet of the said defendant's telegraph office at said time, and was at home all the time from November 4 to November 8, 1910. That said telegram was transmitted by said defendant and retained at said office at Bushrod until it was delivered to said Francis Hadley on Monday November 7, 1910, at 1:41 o'clock p. m. That the said Francis Hadley paid to the defendant at the time of delivery of said message and the defendant accepted twenty-five cents for the transmission and delivery of said telegram. The defendant, except as above stated transmitted said telegram with impartiality and in good faith and in the order of time in which it was received, and did not in any manner discriminate in the rate charged, or words or figures charged for, or manner or condition of service, between plaintiff and any of its patrons. That on November 5, 1910, and at the time the plaintiff filed the above telegram with defendant at its Clayton, Indiana, office for transmission, the defendant had rules and regulations governing its business and the filing, receipt, transmission and delivery of messages and dispatches, and the manner and condition of service and rules and regulations as to charges, rates and the payment of charges and rates for receiving and transmitting messages and dispatches, and all of such rules and

regulations and terms were in force and governed all the business and all the offices of the defendant, and were in force and effect generally, and had been so in force and effect generally, for a number of years past. That said terms, rules and regulations were as follows:

" 'Rule 12. Messages to be Prepaid. All messages will be prepaid, except free messages and those covered by Rules 13 and 47.

" 'Rule 13. Collect Messages. An answer to a prepaid message, or a message for which payment for transmission, or for special delivery is guaranteed by a responsible party, may be accepted "collect."

" 'Rule 47. Sending Offices. Instruction as to Delivery. Instructions from the sending office in regard to the delivery of a message will be carefully observed. A request to "report delivery" will be answered by a collect message addressed to the sender of the original message, stating the time of delivery, or if not delivered, the reason why.'

"That the above three rules were all the rules and regulations of the defendant in force on November 5, 1910, governing the acceptance and transmission of telegraphic messages and the message in question, and were the usual terms of defendant. governing the acceptance and transmission of telegraphic messages on that date; and the usual terms and conditions of defendant governing the acceptance and transmission of telegraphic messages for several years past; that these rules had been in force for several months prior to the sending of this particular message

and that these rules were posted to the public view at the sender's office and had been for several months prior to the sending of this particular message.

"That the agent who accepted said telegram from plaintiff and who transmitted the same did not inform or tell the plaintiff of such rules. And the plaintiff did not know of such rules, and did not make any inquiry concerning the rules and regulations of said company from the agent who accepted said telegram from said plaintiff. That the plaintiff, and also said Francis Hadley were responsible persons."

The averment claimed by appellant to have been omitted from the complaint is fully covered and supplemented by that portion of said agreed statement of facts which we have italicized *supra.* This statement was not only admitted as evidence without objection, but was agreed to as the facts upon which the trial court should "decide the controversy between these parties as shown by the pleadings in said cause."

This court, therefore, if necessary to the affirmance of the judgment below, may, and should, treat the complaint as amended to correspond with such admitted facts. §405 Burns 1914, §396 R. S. 1881; *Laramore* v. *Blumenthal* (1915), 58 Ind. App. 597, 108 N. E. 602, and cases there cited.

The appellant, doubtless because of its recognition of the effect of said admitted statement of facts, has not, in its brief, under its points and authorities, referred to or attempted to present either of said assigned errors which challenge the action of the trial court in sustaining the respective

demurrers to said fourth, fifth and sixth paragraphs of answer. Such assigned errors are therefore waived.

The only remaining assigned error challenges the action of the trial court in overruling the motion for new trial.

In its brief as originally prepared, appellant had stated general propositions of law numbered consecutively from 11 to 15 and cited authorities under each proposition without in any way applying or attempting to apply any of said propositions to any ruling or action of the court relied on for reversal. Appellee, in her brief, insisted, and correctly so, that no question was presented by any of said general propositions of law. Rule 22, Supreme and Appellate Courts; *Smith v. Finney* (1914), 56 Ind. App. 93, 104 N. E. 887; *Wood* v. *Rathman* (1915), 58 Ind. App. 229, 108 N. E. 126; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481. Appellant, however, since the filing of appellee's brief, has asked and obtained leave of this court to amend its briefs. The only amendment made is by a sticker placed over each of said general propositions containing the following words: "It was error to overrule appellant's motion for a new trial for the reasons assigned, that the decision of the trial court is not sustained by sufficient evidence, is contrary to law, and that each of the special findings is contrary to law." So that appellant's points from 11 to 15, as now amended, are mere repetition, except as to the authorities cited.

It requires a very liberal construction of the rules of the court to say that any question is presented by these points, or either of them. Assuming, however,

without so holding, that the briefs as so amended are sufficient to present the error predicated on that ground of the motion for new trial which challenges the decision as not being sustained by sufficient evidence, the answer is that the finding follows, and is supported in every respect by, the agreed statement of facts, *supra*.

While the points and authorities should be sufficient in and of themselves, without reference to the argument, to present each and every question which the appealing party desires to have reviewed and determined by the appellate tribunal, we have in this case looked to the argument to ascertain appellant's real contention, and find that it predicates its right to a reversal upon its claim that there are absent from the finding of facts two elements made essential by the statute upon which this action is predicated, viz.: that there is no finding that the message involved was sent on the *"usual terms,"* or that the same was not transmitted with impartiality and in good faith and in the order of time received, but that, on the contrary, it appears from the finding that the message was sent "collect," which is not the usual terms, and it also appears from the finding that the appellant, except as above stated in failing to deliver said message promptly, and holding it from 8:52 p. m. on Saturday, November 5, until 1:41 p. m. Monday, November 7, transmitted said telegram with impartiality and in good faith, and in the order of time in which it was received, and did not in any manner discriminate in the rate charged or words, or figures charged for, or manner or condition of service between plaintiff and its patrons.

The questions indicated would be properly presented by appellant's exceptions to the conclusion of law, but there is no independent assignment of error challenging such conclusion. However, again assuming, without so holding, that the questions which appellant seeks to present are properly presented, we think the decision of the Supreme Court and this court necessitate a conclusion adverse to appellant's contention.

Since its amendment in 1885, the statute involved does not require that the charges be paid in advance, but merely that the message be received on the "usual terms." The facts here found show that appellant's agent, at the time of receiving the message over the phone, inquired of the appellee how she wanted it sent, and she answered, "Send collect"; that the message was received, transmitted and collected for from the addressee after a delay of over forty hours, and at a time too late for the information contained therein to accomplish the purpose which the sender evidently had in mind when she sent it. It is manifest, we think, that under such a state of facts, even if it be assumed that appellant's *"usual terms"* required payment in advance, appellant waived such terms and thereby made itself liable to the penalty provided in the statute for a failure to transmit the message in accord with its provisions. As supporting, or tending to support, this conclusion, see *Western Union Tel. Co.* v. *Yopst* (1889), 118 Ind. 248, 20 N. E. 222; *Western Union Tel. Co.* v. *Troth* (1909), 43 Ind. App. 7, 84 N. E. 727; *Western Union Tel. Co.* v. *Griffin* (1890), 1 Ind. App. 46, 49, 27 N. E. 113; *Western Union Tel. Co.* v. *Sanders* (1906), 39 Ind. App. 146, 79 N. E. 406.

The facts indicated show negligent and *"unreasonable delay"* in the delivery of the message. Appellant contends, however, that, inasmuch as the statute is a penal one, it must be strictly construed, and that mere negligent delay, in the absence of a finding of one of the other elements made essential by the statute, is not sufficient to authorize the infliction of the penalty. It concedes that this court, in the case of *Western Union Tel. Co.* v. *Taylor* (1914), 57 Ind. App. 93, 104 N. E. 771, held adverse to this contention, but insists that this case is out of harmony with other decisions both of the Supreme Court and this court.

We cannot agree with this contention. On the contrary, we think the case of *Western Union Tel. Co.* v. *Taylor, supra,* is in strict harmony with the following language used by the Supreme Court in the case of *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 170, 74 N. E. 985: "There can be no doubt but that the intention was to correct abuses, and to secure to the public, whose streets and other highways are occupied by the company's poles and wires, a fair, efficient and impartial service. From its nature, *prompt delivery lies at the very bottom of the business.* Without it, the regular mails would serve the same purpose. Regarded as a method of speedy communication, *discrimination, as a rule, is a less evil to patrons than unreasonable delay.* The legislation was for the benefit of the public, and not the companies, and *no reason appears for* safeguarding one essential step less securely than another, or for prescribing a penalty for the infraction of minor duties, and *leaving patrons whose messages are made useless through negligence to the precarious and often inadequate remedy of an action for damages. It can*

*hardly be said that it is less harmful to the sender of a disptach, as in this case, to have his message negligently left in the destination office, within two and one-half blocks of the residence of the sendee, for fifteen and one-half hours, than to be required to pay a greater rate than is charged another for similar services."* (Our italics.)

The statute in question required a *"good-faith"* transmission and delivery of the said messages. The facts and circumstances shown by the statement of facts in the instant case show bad faith and fully justified the special finding of facts made by the trial court, and, in our judgment, the conclusion of law stated thereon is in accord with the law as expressed in the cases *supra*.

In its point No. 16 appellant challenges the amount of recovery as being excessive, in that it includes interest on the penalty from the date of the transmission of the message. Appellee, in effect, concedes that the statute does not authorize the recovery of interest on the penalty, but insists that a remittance should be ordered rather than a reversal. In the absence of a statute authorizing the collection of interest on such penalty, its allowance is without authority of law. *Keifer* v. *Summers* (1894), 137 Ind. 106, 112, 35 N. E. 1103, 36 N. E. 894; 30 Cyc 1361. However, the interest is easily ascertainable, and hence may be corrected by remittitur, and we think the ends of justice will be better subserved by such an order rather than by ordering a new trial.

Appellee, under the statute (§7951 Burns 1914, §5199 R. S. 1881) is entitled to interest on the judgment from the date of the finding of the court until such judgment is satisfied.

Upon the filing by appellee within thirty days from June 5, 1918, of an offer to remit interest contained in the judgment, viz., an offer to remit $29, the judgment below will be affirmed without further order of the court, in which case all costs in the trial court occasioned by the appeal is ordered taxed to appellant, and all costs in this court are directed to be taxed equally between appellant and appellee, and upon appellant's failure to file said remittitur within said time, the judgment below is reversed, with instructions to the trial court to grant a new trial. Appellee, of course, will be entitled to interest on his corrected judgment from the date of the finding of the court to the date of the satisfaction of such judgment.

Per Curiam: Remittitur having been filed for $29, as per court's order, the judgment is affirmed as of the date and according to the terms set out in the foregoing opinion.