PICKETT *v.* THE STATE, on the relation of the Board of Commissioners of Hamilton County.

PLEADING.—Suit against A and his sureties, on a bond given by A as county treasurer.   The complaint alleged that A, as such treasurer, had received the sum of $2,000, which he had failed, on request, to pay over to his successor in office.

*Held,* that the complaint was bad, for failing to show that the money sued for remained in the hands of A at the expiration of his term of office, and had not been paid out by him, on warrants properly drawn upon him, during his continuance in office.

*Held,* also, that as the suit was upon the bond, and not against the treasurer for money collected in his official capacity and not paid over, it was barred by the statute of limitations, after three years from the expiration of A's term.

APPEAL from the *Howard* Circuit Court.

FRAZER, J. — This was a complaint against the appellant and his sureties, upon his bond as county treasurer. Upon a demurrer to the answer of the sureties having been overruled, the plaintiff refused to reply, and, thereupon, the sureties had judgment. The case was, however, proceeded with against *Pickett* alone, and resulted in a judgment against him for $1,868 40, from which he appeals.

The complaint alleges that, on the 4th of *September*, 1855, the appellant and his sureties entered into a bond payable to the State, in the penalty of $50,000, which is filed with the complaint. The condition of the bond is, "that if the above bound *Elihu Pickett*, who has been elected treasurer of said county of *Hamilton*, will pay over all moneys, which shall come into his hands for state, county, school, road, railroad, and all other purposes, and shall well, faithfully and promptly discharge all the duties of said office of county treasurer for the said county of *Hamilton*, according to law, then this obligation shall be void," &c. The complaint assigns for "breach in said bond, that said *Pickett* did not well, faithfully and promptly discharge all the duties of said office; that on the —— day of *October*, 1856, one *Jacob B. Loher* was elected treasurer of said county, and, on the 7th of *September*, 1857, duly qualified and entered upon the duties of said office, as the successor of *Pickett*; that the sum of $2,000 had come into the hands of said *Pickett*, as such treasurer, for state, county, school, road, railroad, and other purposes, which he, though requested, failed, and still fails, to pay to his said successor, &c.

The first question presented arises upon the action of the court below in overruling a demurrer by *Pickett* to the complaint.

The appellant argues that the complaint is bad, because it does not show a state of facts making it his duty to pay the money to his successor; as that the money remained in his hands when he went out of office; that the duty to pay

to his successor does not result from the mere fact that the money came into his hands, because he was bound by law to pay it out upon proper warrants, drawn upon him from time to time; that hence the complaint did not show him to be in default. This argument cannot be successfully met. We know, as a matter of law, that state, school, road, and other moneys, are required to be disbursed by the county treasurer, from time to time, to the proper officers, and we must presume, in the absence of averments to the contrary, that the proper warrants were drawn therefor, as the law requires, and that school trustees, supervisors, &c., whose duty it was to receive and expend the funds, did present such warrants, and that the treasurer paid them, as it was his duty to do. So that it does not result, because money comes into the hands of the treasurer, that it is his duty to pay it to his successor. Whenever the complaint is for failure to pay to his successor, it ought to be alleged that the money remained in his hands at the expiration of his term. We think it is very clear, therefore, that the court erred in overruling the demurrer to the complaint.

The answer was: first, general denial; third, that the cause of action did not accrue within three years; fourth, that the cause of action did not accrue within six years; fifth, set-off. The second paragraph has no importance, and need not be noticed. Issues were made upon the answer, and, upon trial, there was a finding and judgment for the plaintiff, as already stated.

There are some questions arising out of the evidence which demand our attention. *Pickett's* official term expired *September* 7, 1857, and on that day his successor assumed the duties of the office. This suit was commenced *August* 26, 1863, which was more than three, and but a few days less than six years after the cause of action accrued, for he could not fail to pay money to his successor until he had a successor, and then it became his duty to do so without a demand. The third paragraph of the answer was, there-

fore, sustained by the evidence. Was that paragraph a good bar to the suit? Our statute of limitations, 2 G. & H., § 211, p. 158, requires such a suit upon an officer's official bond, against him, or against him and his sureties, to be brought within *three* years after the cause of action shall have accrued; but it also provides that an action may be brought against the officer *for money collected* in an official capacity and not paid over, at any time within six years. It would appear, therefore, that if this was a suit upon the bond, the bar was complete; but if it was a suit against the treasurer for "money collected in his official capacity and not paid over," then there was no bar shown by the third paragraph of the answer, nor by the evidence.

The legislature has certainly made a distinction, as to the period of limitation, between a suit against the officer upon his bond, and a suit against him for failing to pay over money collected by him as such, which failure would be a breach of the bond. The difficulty of discovering any sound reason for this distinction would not justify us in disregarding the plain enactment, that the suit upon the bond must fail unless brought within three years. By every mark that could distinguish the one from the other, this is shown by the complaint to be a suit upon the bond. Such is its form and substance. It alleges nothing but what was necessary to be alleged in such a suit; it alleges a breach of the bond as the cause of action, and though it does, as it necessarily must, aver facts which need to have been alleged in a suit for failing to pay over money collected as treasurer, yet it contains much which could only be proper in a suit upon the bond, and we cannot, therefore, hold it to be other than such a suit. Not having been brought within three years, as was pleaded and proved, the finding for the plaintiff cannot be maintained.

This disposes of all the questions which can properly be regarded as being in the record before us. Others are argued, which will doubtless arise in the further progress.

of the cause, but we do not think it wise to volunteer opinions upon them in advance.

The judgment is reversed, and the cause remanded, with directions to the court below to set aside all its proceedings, as to the appellant, after his demurrer to the complaint, and to sustain the demurrer.

*D. C. Chipman, W. Garver* and *E. S. Stone,* for appellant.

*D. Moss,* for appellee.