## WESTERN UNION TELEGRAPH COMPANY v. GILKISON.

[No. 6,953. Filed January 25, 1910. Rehearing denied March 8, 1910. Transfer denied May 12, 1910.]

1. TELEGRAPHS AND TELEPHONES — *Messages.— Transmission of.— Penalties.*—It is the duty of telegraph companies, operating wholly or partly within this State, to transmit messages impartially, and for a failure thereof, a penalty may be enforced. p. 31.

2. TELEGRAPHS AND TELEPHONES.— *Messages.— Failure to Deliver in Another State.—Penalties.*—The failure of a telegraph company to deliver a message transmitted to another state does not

subject the company to the statutory penalty (§5781 Burns 1908, Acts 1885 p. 151, §3) of this State.   p. 31.

3.   TELEGRAPHS AND TELEPHONES.— *Interstate Messages.— Failure to Transmit.—Penalties.*—The total failure of a telegraph company to transmit an interstate message, in the absence of a federal statute, subjects such company to the statutory penalty of this State (§5781 Burns 1908, Acts 1885, p. 151, §3).   p. 31.

4.   TELEGRAPHS AND TELEPHONES.— *Messages.— Delivery of.*—Evidence showing that the plaintiff's husband delivered to defendant telegraph company's agent a message to be transmitted, and paid the price, shows that such agent represented the company for the purpose of receiving messages.   p. 32.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Nancy E. Gilkison against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens* and *George H. Fearons,* for appellant.

*Frank E. Gilkison,* for appellee.

ROBY, J.—This is an action to recover the statutory penalty for failing to transmit a telegraph message.

The averments of the complaint show that appellant, on July 25, 1907, had a telegraph line partly within and partly without this State, and was engaged in the business of sending messages from place to place for the general public for hire; that it had for that purpose an office at Shoals, in this State, and one at Cincinnati, Ohio, and that each of said offices was in charge of an agent representing it; that on said day appellee delivered to appellant, through its agent at Shoals, a certain message to be transmitted to a person at Cincinnati, Ohio, and paid thirty-five cents, the charge made by appellant for such services; that it never at any time transmitted said message, but that it remained in the company's office at Shoals, and was never sent from said office. A demurrer to this pleading was overruled, an exception reserved, and error assigned on such ruling.

It is the duty of telegraph companies, with a line of wires

wholly or partly within this State and engaged in doing a general telegraph business, to receive dispatches during usual office hours, and, upon the usual terms, transmit them with impartiality. Acts 1885 p. 151, §1, §5780 Burns 1908.

The penalty for a violation of any of the provisions of said act is fixed at $100. Acts 1885 p. 151, §3, §5781 Burns 1908. It is established that this penalty cannot be recovered for a failure to deliver a message transmitted to another State. *Western Union Tel. Co.* v. *Carter* (1901), 156 Ind. 531; *Western Union Tel. Co.* v. *Pendleton* (1887), 122 U. S. 347, 7 Sup. Ct. 1126, 30 L. Ed. 1187 (overruling *Western Union Tel. Co.* v. *Pendleton* [1884], 95 Ind. 12, 48 Am. Rep. 692). See note to *Postal Tel. Cable Co.* v. *Baltimore* (1894), 24 L. R. A. 161, 165, for review of Indiana decisions.

The action is based upon a statute. Such statute has no extraterritorial effect. When the place at which the fault occurs is within this State, the subject not having been made the subject of federal legislation, such statute is a valid exercise of the police power of the State. *Western Union Tel. Co.* v. *James* (1896), 162 U. S. 650, 40 L. Ed. 1105, 16 Sup. Ct. 934; *Cleveland, etc., R. Co.* v. *Illinois* (1900), 177 U. S. 514, 44 L. Ed. 868, 20 Sup. Ct. 722; *Erie R. Co.* v. *Purdy* (1902), 185 U. S. 148, 46 L. Ed. 847, 22 Sup. Ct. 605.

The complaint shows a complete contract made within this State, and a total failure to transmit a message received for that purpose. The facts do not come within the doctrine of the cases cited by appellant, and the demurrer was properly overruled.

The overruling of a motion for a new trial is also assigned as error. The argument in support of this assignment is mainly directed to the sufficiency of the evidence to sustain the finding that the message in question was delivered and the price of transmission paid to appellant's agent.

The evidence upon this subject sustains the finding. Appellee's husband delivered the message for her to a person in charge of said office, under such circumstances as to justify him in so doing. It is admitted that such person was in appellant's employ as its agent at said office prior to the receipt of the message, and that he so represented it at the time such message was delivered, was a fair inference. Judgment affirmed.