## WESTERN UNION TELEGRAPH COMPANY v. TAYLOR.

[No. 8,266. Filed April 1, 1914. Rehearing denied July 2, 1914. Transfer denied October 13, 1914.]

1. TELEGRAPHS AND TELEPHONES.—*Liability for Penalties.—Stipulation for Notice of Claim.—Validity.*—A stipulation printed on the back of a blank on which a telegraph message is written, providing that the company will not be liable for statutory penalties in any case where a claim is not presented to the company in writing within sixty days after the message is filed for transmission, is valid. p. 96.

2. TELEGRAPHS AND TELEPHONES.—*Failure to Deliver Message.—Liability.—Notice of Claim.—Sufficiency.*—Under a stipulation printed on the forms used by patrons of a telegraph company in sending messages, providing that the company will not be liable for statutory penalties in any case where a claim is not presented to the company in writing within sixty days after the message is filed, but not providing to whom the claim shall be presented, the delivery of notice of a claim for failure to deliver a message, to a person in charge of the company's telegraph office under circumstances justifying the belief that he is the company's agent, is sufficient. p. 96.

3. TELEGRAPHS AND TELEPHONES.—*Failure to Deliver Message.— Action to Recover Penalty.—Notice of Claim.—Burden of Proof.—* In an action against a telegraph company to recover a statutory penalty for failure to deliver a message, where defendant relied upon a contract requiring notice to the company of an intention to claim the penalty before it should be liable, the burden was on the defendant to prove such contract, and that notice was not delivered to it.  p. 97.

4. TELEGRAPHS AND TELEPHONES.—*Failure to Deliver Message.— Action to Recover Penalty.—Prepayment of Charges.—Evidence.* —Evidence showing that, though the sender of a telegraph message did not personally prepay the charges, the agent of the telegraph company prepaid the charges as a favor to the sender and personally credited the sender, as he was accustomed to do in many instances for his friends and acquaintances, sufficiently showed that the message was paid in advance and was received by the company "upon the usual terms", so as to render it liable under §§5780, 5781 Burns 1914, Acts 1885 p. 151, for failure to deliver the message.  p. 97.

5. TELEGRAPHS AND TELEPHONES.—*Failure to Deliver Message.— Action to Recover Penalty.—Evidence.*—Evidence showing that a telegraph message filed in the office of the company at Shoals between 11 and 12 p. m. for transmission to Evansville, and that it did not arrive at Evansville until after 8 a. m. of the next day, after the addressee, who had repeatedly inquired for it, had left the city, and showing that the company accepted a message at Evansville for transmission to Shoals, shortly after accepting the message filed at Shoals, which was delivered at Shoals at about 3 or 4 a. m., was sufficient to warrant an inference of bad faith, partiality and delay on the part of the company in the transmission of the first message.  p. 98.

6. TELEGRAPHS AND TELEPHONES.—*Failure to Deliver Message.— Liability.*—Failure to transmit and deliver a message to the addressee in good faith and in the order of time in which it is received, or any unreasonable delay in transmission or delivery, subjects the company to the penalty provided by §§5780, 5781 Burns 1914, Acts 1885 p. 151, regardless of whether there was partiality or discrimination.  p. 98.

7. TELEGRAPHS AND TELEPHONES.—*Regulation.—Scope and Effect of Statute.*—The statute (§§5780, 5781 Burns 1914, Acts 1885 p. 151) relating to the receipt and transmission of telegraph messages and providing for the recovery of penalties for failure to deliver messages, has no extraterritorial effect, but applies only where the fault of the company occurs within the State.  p. 98.

8. TELEGRAPHS AND TELEPHONES.—*Transmission of Messages.—Interstate Commerce.*—The mere fact that a message filed at Shoals

in this State for transmission to Evansville, a distance of approximately 75 miles, was sent to Cincinnati, Ohio, and thence to Evansville, did not constitute the message a subject of interstate commerce. pp. 98, 99.

9. APPEAL. — *Presenting Questions for Review.* — *Jurisdictional Questions.*—Where there is jurisdiction of the general subject-matter, any specific objection to the jurisdiction must be opportunely made and brought into the record, and should be raised on appeal by assignment of error. p. 99.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Elmore Taylor against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens, Paul G. Henderson, George H. Fearons* and *H. Q. Houghton,* for appellant.

*Frank E. Gilkison,* for appellee.

IBACH, J.—Action to recover the statutory penalty for failure to transmit and deliver at Evansville, Indiana, a telegram filed by plaintiff for transmission at Shoals, Indiana. The complaint averred discrimination and failure to transmit the message in the order of time in which it was received, and failure to deliver, and alleged that the charge of thirty-one cents for transmitting and delivering the dispatch was paid at the time of presenting the message for transmission. The errors discussed arise upon the court's overruling appellant's motion for new trial. Section 5780 Burns 1914, Acts 1885 p. 151, provides: "That every telegraph company with a line of wires wholly or partly within this State, and engaged in doing a general telegraphic business, shall, during the usual office hours, receive dispatches, whether from other telegraph lines, or other companies, or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged, or words or figures charged for, or manner or conditions of service between any of its patrons, but shall serve individuals, corporations and other

telegraphic companies with impartiality.'' Section 5781 Burns 1914, Acts 1885 p. 152, provides ''Any person or company violating any of the provisions of this act shall be liable to any party aggrieved in a penalty of one hundred dollars for each offense, to be recovered in a civil action in any court of competent jurisdiction.'' Appellant in arguing the case, presents five points, (1) written notice of the claim was not presented to appellant within sixty days; (2) the charges were not prepaid, and such is a condition precedent to recovery; (3) there was no proof that the telegram was not transmitted in the order of receipt; (4) any delay in transmission occurred outside of this State; (5) the message was a subject of interstate commerce. We shall take up these points in order.

A service message introduced in evidence by appellant contained a stipulation printed on the back of the blank on which it was written, providing that the company

1. will not be liable for statutory penalties in any case where a claim is not presented to the company in writing within sixty days after the message was filed for transmission. Such a stipulation is valid. *Western Union Tel. Co.* v. *Yopst* (1889), 118 Ind. 248, 20 N. E. 222, 3 L. R. A. 224. The evidence showed that notice in writ-

2. ing of appellee's claim for the penalty was presented within sixty days to one Irvin, who was telegraphing at the Baltimore and Ohio Railway Company station at Shoals, Indiana, and that the Baltimore and Ohio Railway Company and the Western Union Telegraph Company are both managed at Shoals by Mollett, the station agent, under whom Irvin was an employe, the telegraph office being in the railway station. The stipulation on the message does not designate any particular person to whom the claim must be presented, and we believe that the delivery of a notice to a person in charge of appellant's office under circumstances justifying one in believing him appellant's agent is sufficient. Moreover, in the present case there is an abso-

lute lack of direct evidence that appellee ever entered

3. into a contract to give notice to appellant of an intention to claim the statutory penalty. The blank on which the original message was written was not introduced, and there is no evidence that such blank bore on it any printed contract of any character or that it was similar to the blank on which the service message was written. The burden was upon appellant to show a contract to give notice, and to show that notice to Irvin was not notice to it, and we can not say that it has overcome this burden. *Western Union Tel. Co.* v. *Troth* (1909), 43 Ind. App. 7, 84 N. E. 727.

Though appellee, the sender of the message, did not pay the charges to the agent when he offered it for transmission, the evidence is that Mollett, the station agent,

4. as a personal favor either to appellant, or to Mr. Gilkison, his counsel, himself paid the charges from his own money, and sent the message as paid, that so far as the company was concerned, the message was paid for; and that Mollett, as he was accustomed in many instances to do for his acquaintances and friends, personally credited appellee. This being the case, there was nothing due on the message from appellee to appellant, the only debt was from appellee to Mollett personally. It was sufficiently shown that the message was paid in advance, or in the words of the statute, was received "upon the usual terms". There is some doubt, which we need not attempt to resolve, as to whether the wording of the present statute requires that the charges shall be paid in advance, before the company becomes liable for the statutory penalty. Such was the requirement of a former statute, in which the words used in place of those quoted were "upon payment or tender of the usual charges", but there is a material difference in the wording of these two statutes.

The message was left with appellant for transmission at

Shoals between 11 and 12 p. m. on June 30, and the addressee, who was expecting it at Evansville, went to the office there frequently after that time up to about 7 a. m., July 1, and inquired for the message, but appellant did not deliver it to him then or at any other time, and it did not arrive at Evansville until shortly after 8 a. m. after addressee had left the city. It appears that appellant accepted at Evansville a message addressed to Shoals, after the message in suit was accepted by it at Shoals, and that the message from Evansville was transmitted and delivered at Shoals about 3 or 4 a. m. From such evidence there may be an inference of bad faith, partiality, and delay. Failure to transmit and deliver a message to the addressee in good faith and in the order of time in which it is received, or any unreasonable delay in transmission or delivery, subjects the company to the penalty of the statute, whether or not there has been partiality or discrimination. *Western Union Tel. Co. v. Sefrit* (1906), 38 Ind. App. 565, 78 N. E. 638; *Western Union Tel. Co. v. McClelland* (1906), 38 Ind. App. 578, 78 N. E. 672; *Western Union Tel. Co. v. Braxton* (1905), 165 Ind. 165, 74 N. E. 985; *Julian v. Western Union Tel. Co.* (1884), 98 Ind. 327.

Our statute has no extraterritorial effect, but applies where the fault of the company occurs in this State. *Western Union Tel. Co. v. Gilkison* (1910), 46 Ind. App. 29, 90 N. E. 650. However, the places between which the message was sent were both in this State, a distance of perhaps 75 miles apart. The message was sent eastward from Shoals to Cincinnati, a distance of about 150 miles, and from there sent back to Evansville, a distance of perhaps 200 miles, the route taken thus being about 300 or 350 miles in length, and very much out of the way. We do not think the evidence conclusive that the delay occurred out of the State, at Cincinnati, nor do we agree with appellant in its contention that since the

message was routed through another state, it thus became a subject of interstate commerce, and was not subject to the jurisdiction of the State courts. In the first place, this question is not properly presented for our consideration. The message on its face is an intrastate message, nor does it appear from the complaint that it passed out of the State during transmission. Appellant filed no answer averring that the message was of interstate character, and raising the jurisdictional question. No motion was made in arrest of the judgment, and no assignment of error raising the question of jurisdiction is made in this court. There was

9. jurisdiction of the general subject-matter, and in such case specific objections to the jurisdiction must be opportunely made and brought into the record, and questions as to jurisdiction in this court should be raised by the assignment of error. *Riley* v. *Butler* (1871), 36 Ind. 51; *McGoldrick* v. *Slevin* (1873), 43 Ind. 522; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Debs* v. *Dalton* (1893), 7 Ind. App. 84, 34 N. E. 236. But

8. were the question properly presented, we could not agree with appellant in its contention that the message was a subject of interstate commerce. Appellant cites *Hanley* v. *Kansas City, etc., R. Co.* (1903), 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333, to prove its contention. That case holds that where the only way to reach Fort Smith, Arkansas, from Grannis, Arkansas, was over the Kansas City Southern Railroad, which passed through Indian Territory, the commerce between Grannis and Fort Smith over said road was interstate commerce, not subject to state regulation. We do not think that case would control here. There is no showing that the route used by appellant in this case was the only route between Shoals and Evansville, or that it was a more practicable route than any other. Appellant without direction from appellee routed the message out of the State in order to get it to Evansville. If appellant can avoid the effect of the penalty statute in this way, such

statute would be useless, for with its many lines of wires running to all the states adjoining this one, all messages between points in this State could be routed in a manner to pass through some point out of the State, and thus the statute be avoided, and any and all intrastate messages could be made interstate messages at the option of appellant.

The judgment is affirmed.

NOTE.—Reported in 104 N. E. 771. As to what are elements of damage to be considered for failure to deliver telegraphic message, see 10 Am. St. 778; 117 Am. St. 286; 53 L. R. A. 738. As to the validity of a stipulation on a telegraph blank requiring claims for damages or a statutory penalty to be presented within a certain time, see 4 Ann. Cas. 613; 14 Ann. Cas. 192; Ann. Cas. 1912 B 520. As to state statutes imposing penalties on telegraph companies for not transmitting and delivering messages properly, see 31 L. R. A. 807. As to the question whether the transmission of a message between points in same state over a line part of which is in another state is interstate commerce, see 28 L. R. A. (N. S.) 985. See, also, under (1) 37 Cyc. 1688; (2) 31 Cyc. 1331; (3) 37 Cyc. 1728; (4, 5) 37 Cyc. 1740; (6) 37 Cyc. 1703; (7) 37 Cyc. 1705; (8) 7 Cyc. 450; (9) 2 Cyc. 980.