### SMITH ET AL. v. LARGURA ET AL.

[No. 11,129. Filed March 10, 1922. Rehearing denied June 21, 1922. Transfer denied April 17, 1923.]

JUDGMENT.—*Judgment of Court Lacking Jurisdiction.—Matters Concluded.—Right to Relief in Proper Court.*—Where, after judgment was rendered by a superior court awarding lessors possession of leased premises, lessees, in an action in a circuit court, were denied an injunction restraining lessors from enforcing a writ of possession, an answer, in an action by lessees in such superior court to have the judgment of possession set aside under §405 Burns 1914, §396 R. S. 1881, on the ground of excusable neglect, setting up the judgment and decree of the circuit court as a former adjudication, was insufficient, since the circuit court had no jurisdiction over the records and

judgments of the superior court, and was without power to restrain the enforcement of its judgments, so that the matter in issue in the action to set aside the judgment could not have been determined in the injunction proceeding.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by David Smith and others against John Largura and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Gavit, Hall & Smith* and *Harry P. Sharavsky,* for appellants.

*Bomberger, Peters & Morthland* and *Elmer E. Stevenson,* for appellees.

ENLOE, J.—In 1919, appellee John Largura and two brothers erected in the city of Gary a hotel and business block on lands owned by themselves, and on June 12, of that year leased the said building for a term of ten years to the appellants herein, who at once took possession of said premises and began operating a hotel therein. The business rooms on the first floor of said building were leased to subtenants. Subsequent to the execution of said lease appellee John Largura acquired the interest of his brothers in said property and became the sole owner thereof.

In the early part of 1919, said lease was assigned to one Milloy, and a few days later was assigned by said Milloy to one John Metz, and in March, 1919, appellee John Largura began an action in the Lake Superior Court against said John Metz to recover possession of said premises. After the suit had been brought Metz assigned said lease to appellant Mary Smith. The venue of this cause was changed to the Porter Superior Court, in which court the said defendant John Metz, after he had assigned said lease, filed his answer disclaiming any present interest in said property, and a judgment was

rendered in said court October 20, 1920, awarding plaintiff therein possession of said property, and shortly thereafter a writ of possession was duly issued and placed in the hands of the sheriff of Lake county to execute.

After this writ came to the hands of the said sheriff an action was begun by the appellants herein against said sheriff and said John Largura, in which they asked for an injunction against said defendants, restraining them and each of them from executing said writ, and from dispossessing the appellants from said property. Answers were duly filed by the said defendants and the issues being closed the cause was submitted to the court for trial, and on January 11, 1921, the Lake Circuit Court, in which said cause was heard, rendered its decree, denying said plaintiffs any relief.

Thereafter this suit was begun in the Porter Superior Court, the court which rendered the original judgment in favor of appellee Largura for possession of said premises, and by change of venue was sent to Lake Superior Court, room 3.

The complaint is quite lengthy, and, as the same was not challenged by demurrer, its averments need not be herein set out. By it the appellants sought to have the judgment, hereinbefore referred to as having been taken against the said John Metz, opened up and set aside as against them, on account of their alleged excusable neglect. They also asked for a restraining order, which was granted.

The appellees, Largura, and Olds, sheriff, each appeared and filed separate answers in general denial. They also filed joint and separate answers, setting up and pleading the said judgment and decree of the Lake Circuit Court, as a former adjudication of the matter in issue in this suit. To these special answers the appellants filed a reply wherein they admitted the facts

concerning the said judgment and decree so pleaded, but they alleged other facts which they considered to be sufficient to avoid said answers. There were no demurrers filed to either said answers, or to said reply.

The cause was then submitted to the court for trial and the evidence in part heard. Before the evidence was concluded the appellees filed their written motion asking the court to render and enter judgment in their favor on the pleadings filed herein, which motion was by the court sustained and a judgment rendered against the appellants, that they take nothing by their complaint and that defendants recover their costs. The temporary injunction theretofore granted was also then, by order of the court, dissolved. To this action the appellants at the time excepted, and at once took the necessary steps to perfect this appeal.

In *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367, it was said: "Under the approved practice in this State a plea of former adjudication must show: (1) That the former judgment was rendered by a court of competent jurisdiction; (2) *that the matter now in issue was, or might have been, determined in the former suit;* (3) that the particular controversy adjudicated in the former suit was between the parties to the present suit; (4) that the judgment in the former suit was rendered on the merits." (Our italics.)

The original action was finally determined in the Porter Superior Court. The parties to the record there were the appellee John Largura and one Metz. The second suit, determined in the Lake Circuit Court, was an action for injunction,—to restrain the sheriff of Lake county from ousting the present appellants from their possession of certain real estate, under a writ in his hands issued from said Porter Superior Court, on the judgment rendered in said court against said John Metz. This present suit was brought in the Porter Superior

Court, the court which rendered the first judgment aforesaid, and by it the appellants sought relief from said judgment, under the provisions of §405 Burns 1914, §396 R. S. 1881. This relief the Lake Circuit Court had no power to award. It had no jurisdiction over the records and judgment of the Porter Superior Court. The matter now in issue in this present suit was not, and could not have been determined in the Lake Circuit Court. One essential element, in a good answer of former adjudication, is therefore lacking, and the answer of appellees was therefore insufficient. This answer being insufficient, and the complaint to which it was addressed being good, it necessarily follows that the appellees were not entitled to a judgment in their favor upon said pleadings, and that the court erred in sustaining their said motion.

What we have said herein as to the jurisdiction and power of the Lake Circuit Court over the judgment and records of the Porter Superior Court, raises the question as to what power, if any, the Lake Superior Court has in this case, on a final hearing to set aside and annul the said former judgment of the Porter Superior Court and order a new trial; in short, it raises the question as to whether any change of venue should have been allowed in this case, from said court. This question is not before us on this appeal, and we do not express any opinion thereon, but, in the interest of justice and to avoid possible needless litigation, we merely call attention of counsel to the matter that they may hereafter take such steps in this case as to them shall seem proper.

For the error heretofore indicated this cause is reversed with directions to the trial court to overrule said motion of the appellees for judgment in their favor, and for further proceedings.

McMahan, J., not participating.