## CHRIST *v.* JOVANOFF ET AL.

[No. 12,617.    Filed March 12, 1926. · Rehearing denied June 2,
1926.]

1.  JUDGMENT.—*Complaint for relief from default judgment must
    be filed in court in which judgment was rendered.*—A com-
    plaint for relief from a default judgment under §405 Burns
    1914, §396 R. S. 1881, must be filed in the court in which such
    judgment was rendered. p. 680.

2.  VENUE.—*Statute regulating, change of venue not applicable
    to proceeding for relief from default judgment.*—The statute
    on the subject of change of venue is not applicable to a pro-
    ceeding for relief from a judgment by default under §405
    Burns 1914, §396 R. S. 1881, and where a change from the
    county has been granted and perfected, a motion to transfer
    the case back to the court granting the change should ·be sus-
    tained. p. 687.

3.  VENUE.—*Objection to jurisdiction of court on change of venue
    was timely made on objector's first appearance therein.*—In a
    proceeding for relief from a judgment on default under §405
    Burns 1914, §396 R. S. 1881, a party thereto was not precluded
    from challenging the jurisdiction of the court to which the
    venue was changed where he moved to remand the cause on
    his first appearance therein. p. 687.

4.  APPEAL.—*Where nature of original complaint as alleged was
    not disputed, court's refusal to admit it in evidence was harm-
    less error.*—Where the complaint for relief from a default
    judgment under §405 Burns 1914, §396 R. S. 1881, stated the
    nature of the complaint on which the judgment was rendered,
    and there was no evidence disputing the statement, the court's
    refusal to admit the original complaint in evidence, though
    probably erroneous, was harmless. p. 688.

5.  JUDGMENT.—*Generally, relief granted to plaintiff when de-
    fendant is defaulted cannot exceed demand of complaint.*—As
    a general rule, the relief granted to plaintiff where the de-
    fendant is defaulted cannot exceed that demanded in the com-
    plaint. p. 689.

6.  JUDGMENT.—*Default judgment in excess of demand in com-
    plaint, while erroneous, is not void.*—A default judgment for
    an amount in excess of the amount demanded in the complaint,
    while erroneous, is not void. p. 689.

7. JUDGMENT.—*Default judgment for money is unauthorized in suit for accounting and dissolution of partnership.*—In a suit for an accounting and for the dissolution of a partnership, a default judgment for the recovery of any amount of money would be unauthorized because not within the issues. p. 689.

8. JUDGMENT.—*Defendant entitled to relief from a default judgment for money in an action for an accounting, because not within the complaint.*—Under §405 Burns 1914, §396 R. S. 1881, a defendant was entitled to relief from a default judgment for money in an action for an accounting and for the dissolution of a partnership, as the court, by the service of summons on him, acquired jurisdiction of him only for the adjudication of the matters pleaded in the complaint which he was summoned to answer. p. 691.

9. JUDGMENT.—*Doubt as to sufficiency of facts to authorize relief from default judgment should be resolved in favor of applicant.*—In a proceeding for relief from a default judgment under §405 Burns 1914, §396 R. S. 1881, where there is doubt as to the sufficiency of the facts to show such mistake, inadvertence, surprise or excusable neglect as entitles the applicant to relief, the trial court should resolve the doubt in favor of the applicant. p. 692.

10. COURTS.—*Plaintiff always in court so as to give court jurisdiction to rule on motions, demurrers, etc.*—A plaintiff is always in court so as to give the court jurisdiction to rule upon motions, demurrers, etc., even though he is not actually present either in person or by attorney. p. 692.

11. VENUE.—*Defendant to application to set aside default judgment ignorant of motion for change of venue may, on his first appearance, move to certify it back.*—A defendant to an application to set aside a default judgment who was not present in court in person or by attorney when the court wrongfully granted a change of venue from the county, and who had no knowledge of the filing of the application for such change until after the term, may, on his first appearance in the court to which the cause was sent, move to certify it back to the court from which the change was improperly taken. p. 692.

12. JUDGMENT.—*Judgment granting relief from default judgment may properly permit original judgment to stand as security for judgment thereafter rendered.*—A judgment granting relief from a default judgment may properly permit the original judgment to stand as security for any judgment that may thereafter be recovered by the plaintiff in the original action. p. 693.

From the Porter Superior Court; *Harry L. Crumpacker,* Judge.

Application by Mike Christ for relief from a default judgment in favor of Nicholas Jovanoff, to which others were made defendants. From a judgment for defendants, the plaintiff appeals. *Reversed.* By the court in banc.

*Sheehan & Lyddick,* for appellant.
*Kliott & Hurley,* for appellees.

McMahan, J.—Appellee recovered judgment by default against appellant in the Lake Superior Court No. 3, sitting at Gary, October 19, 1920, for $6,602. On May 2, 1921, appellant filed his complaint in the same court for relief from this judgment on the ground of excusable neglect, and want of jurisdiction of the court to render the particular judgment. On motion of appellee, the venue was changed to the Porter Superior Court, November 23, 1921, and the transcript was filed with the clerk of the latter court February 16, 1922. The first action taken in the Porter Superior Court was on May 25, 1922, when appellant appeared and filed a motion to remand the cause to the Lake Superior Court on the ground that the jurisdiction was in the court where the original judgment had been rendered. This motion was overruled and the court after trial rendered a judgment denying appellant any relief. Appellant's motion for a new trial being overruled, this appeal was perfected in this court, November 27, 1922, and transferred to the Supreme Court March 30, 1923, for want of jurisdiction, and on January 27, 1926, was by the Supreme Court transferred to this court under Acts 1925, ch. 201, p. 487, §1356 Burns 1926.

Appellant's complaint alleges that on May 1, 1920, appellee filed a complaint in the Lake Superior Court

No. 3, against appellant to dissolve a partnership between the parties and for an accounting and final settlement of their partnership affairs. That appellant employed Dimitur Economoff, a practicing attorney at Gary, to look after his interest in the cause. That Economoff entered an appearance for appellant, June 21, 1920. That he relied on this attorney to look after the action, to make his defense thereto, and to notify appellant when the case would be called for trial. That on October 29, 1920, through appellant's mistake, inadvertence, and excusable neglect, appellee obtained a judgment by default therein against appellant for $6,602, upon an account. That appellant was not present when such judgment was taken and knew nothing about said judgment being rendered until December 13, 1920, when the sheriff informed him regarding the matter. That he immediately went to the office of Economoff, and being informed he had left Gary, he went to the office of his present attorneys, Sheehan and Lyddick, for information. That, on the next day, these attorneys informed him that a judgment had been rendered October 29. That this was the first information he had that he had been defaulted. That he then employed Sheehan and Lyddick, and learned that Economoff had been making arrangements to leave Gary and locate elsewhere, and had failed to file answer in said cause. That he at all times believed and thought his attorney had filed the necessary pleadings. That the court was not authorized under the complaint then on file to render the judgment that was rendered, there being no pleading on which to base the same. That the judgment was rendered against appellant after he had appeared, without striking out his appearance and without any order against him to file answer. That appellant has a good and meritorious defense to the action, which defense is set out in detail, and which, if

true, shows appellant was not indebted to appellee in any sum whatever.

Without filing an answer to this complaint, appellee, on November 19, 1921, filed a motion for a change of venue from the county. This motion purported to be supported by the affidavit of one of the attorneys then representing appellee. Neither the motion nor affidavit for the change of venue as set out in record was signed or sworn to by anyone. On November 23, 1921, the court sustained this motion and directed that the venue be perfected *instanter*. The record does not show the presence of appellant at the time when the alleged affidavit for the change of venue was filed or when the motion was sustained.

Appellant contends that the Porter Superior Court erred in overruling his motion to transfer and certify the cause back to the Lake Superior Court, also

1. in refusing to permit him to introduce in evidence the complaint in the action wherein the judgment was rendered. Section 405 Burns 1914, §396 R. S. 1881 which was in force when this complaint was filed, among other things provides that the court, "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." The court referred to in the above section, undoubtedly is the court in which the proceeding was pending or in which the judgment had been rendered. The motion or complaint must, of course, be filed in that same court. *Lowry* v. *Indianapolis Traction, etc., Co.* (1920), 77 Ind. App. 138, 126 N. E. 223.

The complaint in the instant case was filed in the proper court, and it is appellant's contention that no change of venue should have been granted and that the Porter Superior Curt erred in overruling his motion

to remand and certify the cause back to the Lake Superior Court. Our attention has been called to *Foster, Admr.,* v. *Potter* (1865), 24 Ind. 363; *Center Township* v. *Board, etc.* (1887), 110 Ind. 579, 10 N. E. 291; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; and *Western Union Tel. Co.* v. *Taylor* (1914), 57 Ind. App. 93, 104 N. E. 771. These cases are easily distinguished from the instant case, and, in our judgment, none of them is of controlling influence.

In *Foster, Admr.,* v. *Potter, supra,* appellant's decedent recovered a judgment in the Fountain Circuit Court against the appellees upon default. Later, the appellees filed a complaint in the Fountain Circuit Court to review the judgment. An answer was filed, after which the court which rendered the judgment, set aside the default and let the defendants in to plead to the complaint. An answer was then filed to the complaint in the original cause, and a change of venue taken to the Tippecanoe Circuit Court. The latter court, on motion, struck out the answer which had been filed in the original cause and vacated the order setting aside the original judgment. An amended complaint "for review" in the language of the statute was then filed, to which a demurrer was filed and overruled, and upon a refusal to answer, the court reversed and set aside the original judgment. A demurrer was then filed to the complaint in the original cause, upon which the judgment had been rendered. This demurrer was sustained and final judgment rendered thereon. The appellant contended that the Tippecanoe Circuit Court erred in giving leave to amend the complaint for review. Appellee, by cross-error, questioned the action of the Tippecanoe Circuit Court in setting aside the order of the Fountain Circuit Court vacating the original judgment. After holding that the action of the Fountain Circuit Court in vacating the original judgment, on

motion, while an issue of fact was pending upon the complaint for review, was irregular, it was also held that the Tippecanoe Circuit Court had the power to set aside and vacate the irregular order of the Fountain Circuit Court vacating the original judgment, on motion.    Appellant contended that the proceeding brought to the Tippecanoe Circuit Court was an application for relief under §119 of the Code, and that the amendment introduced new matter making it an action for review, which, under §586 of the Code, 2 G. & H. 279, had to be commenced in the court where the original judgment was rendered and that it could not be plainted in the Tippecanoe Circuit Court.    The court, however, held that the complaint filed in the Fountain Circuit Court was a complaint for review.    No question as to the right to a change of venue in an action to review was involved and nothing was said on that subject.    The court, however, in referring to an application for relief under §99 of the Code, 2 G. & H. 118, which was similar to §405, *supra*, said:    "But that application is summary, by mere motion, upon a necessary showing, requires no complaint or pleadings, is made in the original cause, and, inasmuch as there could be no trial by jury upon it, there could be no foundation for a change of venue to another county, upon the application of either party.    In this case, the complaint purported on its face to be for a review, and such was its prayer; both parties treated it as such by making up issues, and the appellant by moving for, and obtaining, a change of the venue, and by removing to Tippecanoe county the record of this, as a separate cause."

On the former appeal, in *Center Township* v. *Board, etc., supra,* the judgment was reversed with directions to the court to restate its conclusions of law and to render judgment.    On the return of the cause to the trial court, and before the court had restated its con-

clusions of law and rendered judgment, Center township filed a motion in arrest of judgment and for the correction of the special finding. This motion was overruled, the court restated its conclusions of law and rendered a judgment against the Board of Commissioners of Marion county. Center township excepted to the judgment, and also to all of the judgment in excess of a certain sum. Judgment was rendered against the township for costs. It then filed its verified motion to be relieved from such judgment. Affidavits were filed in opposition to this motion, whereupon the railroad in whose favor the judgment had been rendered filed an affidavit for change of judge and for change of venue. The court announced that, if there were no objections, it would transfer the matters to the Tippecanoe Circuit Court. An order was made showing that the parties consented that the matters should be sent to Tippecanoe county for a determination of the then pending matters. The court to which the change was taken later overruled the motion of the township and rendered judgment against the township and certain taxpayers for costs. On appeal, the taxpayers challenged the jurisdiction of the Tippecanoe Circuit Court to hear the matters which had been transferred to it. After stating that the Tippecanoe Circuit Court had jurisdiction of the subject-matters transferred to it upon change of venue, the court held that the parties, by consenting to such change of venue and transfer, were estopped from claiming that the court to which the matter had been sent had no jurisdiction. "In such case," said the court, "the consent of the parties to the transfer of the matters pending to the court below for hearing and decision, as shown by the record, of itself conferred jurisdiction, and estopped such parties from thereafter questioning or denying the jurisdiction of that court. Besides, all the parties to the record and

the Marion Superior Court seem to have considered and treated the pending motions, at the time the change of venue and of judge was granted, as motions in and parts of the original cause." And, as disclosed by the opinion, the record in the original cause was sent to the Tippecanoe Circuit Court and brought to the Supreme Court as a necessary part of the transcript on appeal. No question as to the right to a change of venue was raised in the lower court.

In *Daniels* v. *Bruce, supra,* the appellant, as administratrix, filed an application in the Vanderburgh Circuit Court for the sale of real estate to pay debts. On motion and affidavit of one of the appellees, the venue was changed to the Posey Circuit Court, and the matter proceeded to trial in that court. Before the completion of the trial, that term of the Posey Circuit Court ended, and, by consent of the parties, the case was transferred to the Gibson Circuit Court, and the trial was then finished before the same judge who was then presiding judge of both the Posey and the Gibson Circuit Courts. On appeal, it was contended that the Gibson Circuit Court had no jurisdiction to determine the proceedings. But it was held that such an application was a civil action and a change of venue demandable, and that an administrator who files an amended petition after the change of venue is taken; and who, without objection, proceeds to trial is estopped to question the trial court's jurisdiction on appeal, where the trial court had jurisdiction of the subject-matter of the action.

*Western Union Tel. Co.* v. *Taylor, supra,* was an action to recover the statutory penalty for failure to transmit and deliver a telegram. There had been no change of venue and what the court said on the question of jurisdiction was said in discussing the claim that the telegram was an interstate message, the subject of in-

terstate commerce, and not subject to the jurisdiction of the state court.

It seems clear that none of the cases referred to are of any controlling influence in the instant case, where appellant, on his first appearance in the Porter Superior Court, by motion challenged the jurisdiction of that court.

We had occasion in *Lowry* v. *Indianapolis Traction, etc., Co., supra*, to discuss the jurisdiction of courts to entertain complaints for, and to grant, new trials. In that case, a change of venue had been taken in the original cause, and after judgment, and after the expiration of the term, a complaint for a new trial was filed in the court where the judgment had been rendered. The party who had secured the judgment contended that, inasmuch as she did not reside in that county, the court had no jurisdiction over her person and that the complaint for the new trial should have been filed in the county where she resided. In discussing the question of jurisdiction, the court, on page 151, said: "When the venue of the original cause was changed to the Morgan Circuit Court, that court became clothed with jurisdiction over the cause until its final disposition. That jurisdiction carried with it the sole power to pass upon all applications for new trials whether by motion, or by complaint. If this were not the rule, instead of method and system, our procedure would become disorder and confusion." And, continuing on page 153, it was said: "It is against the policy of the law to permit a situation to arise wherein there may be an unseemly conflict of jurisdiction between courts of equal rank in the determination of the question as to the extent or proper exercise of the authority of the court which first assumed jurisdiction over the subject-matter. The rule is settled in this state that one court

cannot control the execution of the orders and processes in another court of equal jurisdiction."

In *Smith* v. *Largura* (1922), 79 Ind. App. 546, 134 N. E. 493, Largura began an action in the Lake Superior Court against John Metz to recover possession of certain real estate. The venue was changed to the Porter Superior Court, and Metz having assigned the lease to and placed Smith in possession, disclaimed any interest in the real estate and judgment for possession was awarded plaintiff. A writ of possession was issued and placed in the hands of the Sheriff of Lake county to execute. Smith then brought an action in the Lake Circuit Court against the sheriff and Largura to enjoin the execution of the writ and there was a decree denying Smith any relief. Smith then filed a complaint in the Porter Superior Court asking that the judgment taken against Metz be set aside on account of excusable neglect, and, by change of venue, this action was sent to the Lake Superior Court, where judgment was rendered on the pleadings for the defendants denying plaintiff any relief. It was there held that the Lake Circuit Court had no jurisdiction over the record and judgment of the Porter Superior Court to enjoin the enforcement of the judgment rendered in the Porter Superior Court, although the parties had appeared to the action in the Lake Circuit Court and did not challenge the jurisdiction of the court. The Lake Circuit Court had general jurisdiction in injunction proceedings, but it did not have jurisdiction in an action to enjoin the execution of, a writ issued for the purpose of enforcing the judgment of another court of equal jurisdiction.

The question now under discussion was not involved in *Smith* v. *Largura, supra,* but the court, referring to the question, said: "What we have said herein as to the jurisdiction and power of the Lake Circuit Court

over the judgment and records of the Porter Superior Court, raises the question as to what power, if any, the Lake Superior Court has in this case, on a final hearing to set aside and annul the said former judgment of the Porter Superior Court and order a new trial; in short, it raises the question as to whether any change of venue should have been allowed in this case, from said court. This question is not before us on this appeal, and we do not express any opinion thereon, but, in the interest of justice and to avoid possible needless litigation, we merely call attention of counsel to the matter that they may hereafter take such steps in this case as to them shall seem proper."

In the instant case, appellant did not consent to the change of venue, and the record does not show he was present when the motion for the change was filed

2. nor when the change was ordered. The first step taken by appellant in the Porter Superior Court was to file a motion to have the cause remanded to the Lake Superior Court. If the venue had been changed on appellant's application, or with his consent, or if he had made no objection to the jurisdiction of the Porter Superior Court, but had gone to trial and then, on appeal, for the first time had objected to the jurisdiction of the Porter Superior Court, a different question would be presented. We hold the statute regulating change of venue did not authorize the Lake Superior Court to grant a change of venue from the county, and that the Porter Superior Court erred in overruling the motion to transfer and certify the cause back to the Lake Superior Court.

It has been said that appellant waived all objections to the jurisdiction of the Porter Superior Court by not making timely objection. We cannot agree with

3. this contention. The record does not show that appellant was present in court in person or by

attorney when the motion for a change of venue was filed, nor when it was sustained and the cause transferred to the Porter Superior Court. The motion for the change of venue was sustained and, in so far as the parties had control, was perfected on that day. The clerk of the Lake Superior Court did not get the transcript on the change of venue completed until February 8, 1922, and the transcript was not filed in the Porter Superior Court until February 16, which was about the middle of the February term of that court. The next term of that court began on the fourth Monday in April, and nothing was done in the case until May 25, when appellant appeared and filed his motion to transfer the cause back to the Lake Superior Court. This was the first action taken in that court, and was taken immediately on appellant's first appearance in that court. The motion to remand being overruled, appellee filed an affidavit in reply, and the cause was at once submitted to the court for trial. It appears from the record that all of the parties and their attorneys resided at Gary in Lake county, and we are not prepared to hold, as a matter of law, that the failure of appellant to file his motion to remand the cause to the Lake Superior Court at an earlier date than he did estopped him from challenging the jurisdiction of the Porter Superior Court on May 25, when he entered his first appearance in that court.

Appellant next contends that the court erred in refusing to permit him to introduce in evidence the complaint filed in the Lake Superior Court, in which

4. appellee was plaintiff and appellant defendant, asking for an accounting, and a dissolution of the partnership, and on which appellee recovered the default judgment. Appellant says this complaint should have been admitted in evidence in order to show that it was a complaint for the dissolution of a part-

nership and for an accounting, and that it was not a complaint on an account. Ordinarily, this refusal of the court to admit the original complaint would be error, but in the instant case, appellant's complaint for relief was verified, and was introduced in evidence. The nature of the original complaint was set out in the complaint for relief, so the trial court was advised as to the character of appellee's said complaint. There is no evidence disputing the statement in appellant's complaint for relief as to the nature of the original complaint. This being true, the action of the court in that matter, even if erroneous, was harmless. And, in this connection, it may be remarked that this original complaint is not set out in appellant's brief, or is there any showing that it was offered in evidence, or that the court refused to admit it, or that any exception was taken to the action of the court.

We do not deem it necessary to pass upon the sufficiency of the evidence to sustain the finding of the court. But since the cause must be reversed for other reasons, we deem it proper again to call attention to the fact that the original complaint was a complaint for the dissolution of a partnership and for an accounting and not to recover on an open account. And it is the general rule that the relief granted to a plaintiff in a case where the defendant has been defaulted cannot exceed that which is demanded in the complaint. *Lawrence* v. *Beecher* (1888), 116 Ind. 312, 19 N. E. 143. If the original action had been an action on an account and the judgment had been for an amount in excess of the demand in the complaint, the judgment, while erroneous, would not, under the more recent decisions of the Supreme Court, have been void. *Gum-Elastic Roofing Co.* v. *Mexico Pub. Co.* (1895), 140 Ind. 158, 39 N. E. 443, 30 L. R. A. 700.

But appellee's original action was not an action on an account for the recovery of a money judgment. So far as disclosed by the record in the instant case, it was a suit in equity for an accounting and the dissolution of a partnership. And, in such an action, the only decree the court, on default, was authorized to render was one dissolving the partnership and ordering an accounting. This it did not do. Appellant, by his default admitted there had been a partnership existing; that it should be dissolved and that there should be an accounting. He did not by his default admit that he was owing appellee anything on an account. It follows that the original judgment was upon a matter not in issue.

In *McFadden* v. *Ross* (1886), 108 Ind. 512, 8 N. E. 161, McFadden began suit in replevin, and, after having secured possession of the property by virtue of having given a replevin bond, he dismissed his suit, after which the court found and adjudged that the defendants in that suit were the owners of the property involved. These defendants then brought suit against McFadden on the replevin bond. In discussing the effect of that part of the judgment declaring appellees to be the owners of the property, the court said: "An examination of the complaint and the pleadings in the replevin suit makes it apparent that no question of title could have been conclusively determined by the judgment in that case. In so far as the court assumed to settle the question of the ownership of the property in controversy, it acted upon a matter not before it, and its finding and judgment were, in that respect, not only irregular, but *coram non judice,* and void." See, also, *Kilander* v. *Hoover* (1887), 111 Ind. 10, 11 N. E. 796; *Wayne Pike Co.* v. *Hammons* (1891), 129 Ind. 368, 27 N. E. 487; *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 61 N. E. 750; *Roberts* v. *Leutzke* (1906), 39 Ind. App. 577,

78 N. E. 635; *Hutts* v. *Martin* (1893), 134 Ind. 587, 33 N. E. 676; *Adair* v. *Mergentheim* (1888), 114 Ind. 303, 16 N. E. 603.

Suppose appellee's complaint upon which he obtained his judgment had been a complaint on an account, but after default, he had taken judgment on a promissory note and a decree foreclosing a mortgage, would any one doubt the right of appellant upon discovering such fact to have such judgment and decree set aside upon the ground of surprise, inadvertence, or excusable neglect? And to permit a change of venue when he filed his complaint for relief would be nothing less than a travesty on justice, and the overworking of an already overworked statute. Upon the service of the summons in the action commenced by appellee, the Lake Superior Court acquired jurisdiction of appellant for the adjudication of the matters pleaded in the complaint which appellant was summoned to answer, but not for the determination of any demand not pleaded. *Bartmess* v. *Holliday, supra.* As was said in *Sache* v. *Wallace* (1907), 101 Minn. 169, 112 N. W. 386, 11 Ann. Cas. 348, 11 L. R. A. (N. S.) 803, 118 Am. St. 612: "When the court goes beyond and outside the issues made by the pleadings, and in the absence of one of the parties determines property rights against him which he has not submitted to it, the authority of the court is exceeded, even though it had jurisdiction of the general subject of the matters adjudicated. Such a departure cannot be held a mere irregularity. This position is sustained both from the viewpoint of our statutes upon the subject and under the rules and principles of the common law." See, also, *In re Sixth Avenue West* (1910), 59 Wash. 41, 109 Pac. 1052, Ann. Cas. 1912A 1047.

And, as was said in *Ayrshire Coal Co.* v. *Thurman*

(1920), 73 Ind. App. 578, 586, 127 N. E. 810: "It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned. To that end the provision of the Code is liberally construed; and, where there is doubt as to the sufficiency of the facts to show such mistakes, inadvertence, surprise, or excusable neglect as will entitle a party to relief from a judgment rendered on default, the trial court should resolve the doubt in favor of the applicant."

Judgment reversed, with directions to sustain the motion for a new trial and to certify the cause back to the Lake Superior Court No. 3.

Nichols, C. J., not participating.

## ON PETITION FOR REHEARING.

McMAHAN, J.—Appellee calls attention to the fact that the record shows that Dimitri Economoff, appellant's attorney in the original action, appeared in the Lake Superior Court on the day the motion for a change of venue was sustained, and assumes this was an appearance by appellant. This contention is based upon the assumption that Economoff was an attorney for appellant in the instant case. While Economoff was the attorney for appellant in the original action, there is nothing to indicate that he acted for appellant in the instant case or that he appeared as an attorney for appellant. The record simply shows that on the day the change of venue was granted, Economoff filed his affidavit giving his version of the facts which led to the failure to file an answer in the original action wherein he had appeared as the attorney for the defendant in that case, and plaintiff in the instant case. Appellant's attorneys in this cause are Sheehan & Lyddick. They are the only attorneys for appellant appearing of record in this cause. A plaintiff is always in

court so as to give the court jurisdiction to rule upon motions, demurrers, etc., even though the plaintiff is not actually present in person or by attorney. But where the court, without any statutory authority thereto, sustains a motion for a change of venue and sends the cause to another county, and the record does not show the opposite party was in court in person or by attorney or had knowledge that such a motion had been filed, and where there is no showing that the party learned of such action during the term, it will not be too late for such party, on his first appearance in the court to which the cause was sent on change of venue to file a motion to certify the cause back to the county from which the change was improperly taken.

The petition for a rehearing is denied.

But, in view of the fact that a long period of time has elapsed since the judgment in the original action was rendered against appellant, that changes 12. may have taken place in his financial condition, and that conveyances of real estate may have been or may be made which would render any judgment that might hereafter be rendered against appellant of no value, the mandate herein is modified; and the Lake Superior Court No. 3, in case it determines that appellant should be permitted to make a defense in the original action, shall direct that the judgment heretofore rendered in favor of appellee shall stand as security for any judgment hereafter rendered therein in favor of appellee, in order that the lien and priority of the judgment heretofore rendered on default shall not be lost or impaired.